Judgment reversed.

---

JACKSON, *ex dem.* BEEBE, *against* AUSTIN.

The preference of a mortgage given by the purchaser of lands, sold and conveyed, at the same time, to secure the payment of the purchase money, to any previous judgment, which may have been obtained against the purchaser, is not restricted to the case of a mortgage to the vendor of the land, there being no restriction in the words of the

THIS was an action of ejectment for part of lot No. 45, in the town of *Locke,* in the county of *Cayuga ;* the parties, by consent, without trial, made a case for the opinion of the court, which was submitted without argument.

The plaintiff and defendant both derived their title from *John Van Deusen,* who went into possession of the premises in question as assignee of one *Bailey,* to whom they had been leased by *Isaac Cooper.* On the 21st of *October,* 1815, *Van Deusen* surrendered the lease to *Cooper,* and took a deed from him for the premises, for the consideration of 500 dollars. The lessor of the plaintiff, on the same day, at the request and for the benefit of *Van Deusen,*

statute *concerning mortgages,* sess. 36. c. 32. s. 15. by which this preference is created : and, therefore, if the purchase money be advanced by a third person, to whom the purchaser, at the same time that the conveyance is executed to him, executes a mortgage of the same land, to secure the money advanced, such mortgage is entitled to the same preference over a prior judgment, as the vendor of land would have had, had the mortgage been executed to him.

executed a note to *Cooper*, for the amount of the conside-
ration money, which the lessor afterwards paid; and *Van
Deusen*, on the same day, executed a mortgage to the lessor
of the plaintiff, of the premises in question, as his indemni-
ty for the note which he had given. The mortgage was
duly recorded on the 31st of *October*, 1815, and on the 10th
of *November*, 1817, the premises were sold, under the power
contained in the mortgage, and were bid off by an agent of
the lessor of the plaintiff, to whom the lessor conveyed
them, and he reconveyed to the lessor.

Previously to the execution of the mortgage, *Walter
Wood* obtained a judgment in the court of common pleas
of *Cayuga* county, against *Van Deusen*, and one *Solomon
Austin*, for 228 dollars debt, and 10 dollars damages and
costs, which was filed and docketed on the 15th of *Septem-
ber*, 1815. A *fi. fa.* was issued, and the premises in ques-
tion were levied upon, and were sold by the sheriff, on the
12th of *March*, 1816, to the defendant. A deed was exe-
cuted on the same day by the sheriff to the defendant, which
was duly acknowledged and recorded on the 22d of *March*.

*Per Curiam.* The question of priority will depend on
the statute, (1 *N. R. L.* 375.) which declares that when-
ever lands are sold and conveyed, and a mortgage is
given by the purchaser, at the same time, to secure the
payment of the purchase money, such mortgage shall be
preferred to any previous judgment which may have been
obtained against such purchaser. The mortgage in this
case comes within the letter of the act. It was executed by
the purchaser, *Van Deusen*, to secure the purchase money,
and was given at the same time with the deed, although
not given to *Cooper*, from whom *Van Deusen* derived title.
But this cannot vary the principle upon which the statute
appears to be founded. The lessor of the plaintiff advanced
the purchase money, and took the mortgage to himself. The
act probably contemplated cases where the mortgage was
given to the seller of the land. But the words of the act are
not restricted to such cases, and a just and fair construction

will warrant its application to the present case. The plain-tiff is, accordingly, entitled to judgment.

Judgment for the plaintiff. (a)

(a) Vide Stow v. Tifft, ante, p. 458. Clark v. Munroe, 14 Mass. Rep. 351.