GRIFFIN *v.* BURTNETT and others.

G. agreed to advance money in ten instalments as buildings progressed; and took a mortgage to secure the whole amount. He made eight payments; assigned his agreement; and foreclosed on default of payment of interest. O. advanced the two last instalments on the strength of such agreement; and they were applied by the contractor to finish the buildings. The mortgagor, between the times of payment of the first and second instalments, had given a mortgage to L.; and a judgment was had against him before all the instalments were exhausted. On a reference to ascertain who were entitled to a surplus arising on the sale under G.'s mortgage: *Held*, that O. was (protectively under G.'s mortgage) entitled to priority for the two last instalments.

QUESTION as to who was entitled to a surplus of monies arising from a sale of mortgaged premises.

The complainant, Mr. Francis Griffin, had agreed (in writing) with Daniel H. Burtnett, who was about to erect seven dwelling houses on certain vacant ground, to advance him fourteen thousand seven hundred dollars—to be given in ten instalments, according to a specified progressive state of the buildings. And Burtnett gave to the complainant a bond and mortgage for securing the said amount of such fourteen thousand seven hundred dollars and interest. The condition of the bond made the principal money due, at the option of the complainant, on default of payment of any interest within twenty days after it became due. The complainant had advanced the amounts embraced in eight of the instalments, making nine thousand two hundred dollars. The following is a copy of Mr. Griffin's agreement:—

" Whereas Daniel H. Burtnett of the city of New York, druggist, has, this day, made, executed and delivered to me his certain bond, bearing date the fifteenth day of November last, to secure the payment of fourteen thousand seven hundred dollars, with interest; and has also, together with his wife, made, executed and delivered to me a mortgage of the same date upon seven lots of land on the northerly side of Seventh street, between the First Avenue and Avenue A., con-

*April* 30, 1846.

*Mortgagor and Mortgagee.*

*Priority.*

*Advances.*

VOL. IV.—85

1846.

GRIFFIN
*v.*
BURTNETT.

taining one hundred and forty-seven feet in front on Seventh street—as by reference to the said bond and mortgage will more fully appear. And whereas said Burtnett is about to complete the erection of seven dwelling houses, which have already been commenced, on said premises, according to a certain contract made and executed by and between said Burtnett and George C. Tompkins and bearing date the sixteenth day of December instant according to the plans and specifications therein mentioned and referred to. And whereas no part of the said sum of fourteen thousand seven hundred dollars has yet been advanced or paid by me, but the same is to be paid and advanced, from time to time, as the said dwelling houses may be erected in manner herein specified. Now, in consideration of the premises and of one dollar to me in hand paid by said Burtnett, I do hereby agree to pay and advance to him the said sum of fourteen thousand seven hundred dollars in payment as follows, to wit: 1. The sum of seven hundred dollars on the execution of this contract. 2. When the second tier of beams is on and the brick and stone work up as high as the partitions, cellar beams all properly secured as intended to be and window frames painted, the further sum of nine hundred dollars. 3. When the third tier of beams is on, the brick and stone work up as high and window frames painted, the further sum of seven hundred dollars. 4. When the fourth tier of beams is on, the brick and stone work up as high and window frames painted, the further sum of seven hundred dollars. 5. When the roof is on and tinned, cornices and leaders up, chimneys topped out and all the brick work up as high and the first coat of paint on the wood work, the further sum of sixteen hundred dollars. 6. When the floors are laid, all the partitions set, scratch-coat on and windows in and first coat of paint on, eighteen hundred dollars. 7. When the grounds are up, the ground plastering on floors stepped up, yards regulated and finished, areas built front and rear, sidewalks flagged, curbs set, bell tubes all in and first coat of paint on, the further sum of fourteen hundred dollars. 8. When the hard finished cornices and ornamental work are finished, the further sum of four hundred dollars. 9. When the front stoops are up, iron railings and

balconies up, mantles and grates set, closets shelved, doors all hung, locks and fastenings on, bells hung, blinds hung, first coat of paint on, two thousand dollars.   10. When the said houses shall be, in all things, complete, according to the plans and specifications, the remaining sum of forty-five hundred dollars.   The said payments are to be made, from time to time, to the said Burtnett or his assigns as above provided and when I shall receive the within certificate of Thomas Thomas, Jr. that the work has been done as above specified.   The interest is to be charged on said bond and mortgage only on the amounts advanced from time to time as above provided and from the times they shall be respectively advanced.   None of the above payments shall be required of me until the said Burtnett shall, from time to time, produce to me searches and satisfactory evidence that there are no judgments against him nor any liens or incumbrances on said property prior to or affecting the said mortgage to me. Witness my hand and seal, in duplicate, this twenty-sixth day of December one thousand eight hundred and forty-three.                    FRANCIS GRIFFIN [L. S.]
" Sealed and delivered in the presence of
    " THOMAS E. DAVIES."

Between the time of the payments of the first and second instalments and on the twentieth day of February in the year one thousand eight hundred and forty-four, the said Daniel H. Burtnett had made a mortgage of the same ground to Justus D. Miller for securing two thousand four hundred dollars and interest; and which, on the third day of August one thousand eight hundred and forty-four, was assigned to John S. Lawrence, one of the defendants herein.

The complainant, on a default of payment of interest, foreclosed ; and there was a surplus.

On a reference of claims for this surplus, the defendant William Ogilvie claimed a portion of the surplus monies— setting forth, as a basis of his claim, that the agreement which Mr. Griffin, the complainant, had signed to advance the aforesaid instalments, had been assigned to the contractor (who had agreed to erect the house) in order to enable him to complete the same ; and was, by him, assigned to Mr. Joseph Blunt of the city of New York.   The contractor,

according to an arrangement and agreement with the said Joseph Blunt, made at the time of the said assignment to him, made certain drafts on him in favor of the persons furnishing materials or labor or other things for the erection of the said houses, which drafts were accepted by the said Joseph Blunt payable when in funds under the aforesaid agreement. The payments made by the complainants had passed through Mr. Blunt's hands. The contractor, then, in order to enable himself to go on with the houses and to entitle himself to the payment of the residue of the said instalments, procured advances from the said William Ogilvie upon acceptances of a similar character to those paid by Mr. Griffin, to be paid out of the ninth and tenth instalments under the said agreement. The contractor expended these advances towards the erection of the said houses before the commencement of the present suit. The amount of one thousand dollars had been paid by the said Joseph Blunt on one of the acceptances of the said Ogilvie and the amount remaining unpaid on the drafts was five thousand five hundred dollars, which, with interest, was the extent of Ogilvie's claim.

The defendant Moses Y. Beach claimed under a judgment obtained by him against Daniel H. Burtnett in the supreme court on the twenty-seventh day of April, one thousand eight hundred and forty-four.

The master reported that he allowed the claim of John S. Lawrence as a lien on the surplus monies prior to the lien of the said William Ogilvie; and that he allowed the claim of the said Moses Y. Beach also as a lien on the said surplus prior to the said claim of the said William Ogilvie.

William Ogilvie excepted; and the exception now came before the court.

Mr. *T. C. Pinckney*, for William Ogilvie.

Mr. *Nagle*, for the claimant Moses Y. Beach.

Mr. *Clarke*, for the defendant John S. Lawrence.

*Sept.* 30.    THE VICE-CHANCELLOR :—It appears to me that if Mr.

Griffin had paid the whole of the ninth and tenth instalments which his mortgage was intended to secure, there would be no doubt of his right to reimbursement out of the mortgaged premises for those instalments as a prior claim to the Miller mortgage now held by Mr. Lawrence, although those instalments might not have been paid until after the Miller mortgage was given and recorded. And if Mr. Griffin would have had that right, I do not see why, in equity, Mr. Ogilvie or any other person advancing those same sums and for the same purposes as Mr. Griffin had agreed to do may not be allowed to claim the benefit of the mortgage in his stead.

Now, it appears that the three drafts of the seventh of May and tenth of June one thousand eight hundred and forty-four, which Mr. Ogilvie now holds and which he has given the money for, were drawn specifically for the ninth and tenth instalments, under the Griffin contract, and it appears clearly, from the testimony, that the amounts of those drafts were expended in and upon the buildings. Mr. Ogilvie is, consequently, entitled to stand in the place of Francis Griffin and to be subrogated to all his rights as mortgagee, had he actually furnished these monies. In my opinion, the master erred in excluding Ogilvie's claim for the amount of the money due to him on the drafts. The exception taken by the latter to the master's report must, therefore, be allowed; and this matter has to be referred back to the master to compute the amount due to Ogilvie on the three drafts and with directions to report the same as a lien prior in equity to the mortgage held by the defendant Lawrence.