EMILY COOK, Appellant, *v.* ISAAC BANKER et al., Respondents.

A specific equitable lien upon lands will not be preferred to a prior lien by judgment thereon, and this is so, although the lands are acquired by the debtor after the recovery of the judgment. Nor does the fact that the foundation of the equitable lien is moneys used to improve and save the property, entitle it to priority.

The expenditure of the money of one upon the lands of another, or in which that other has a prior interest, if it be without the request or sanction of the latter, express or implied, creates no legal or equitable right that will override his estate or interest.

(Argued June 11, 1872; decided June 20, 1872.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment entered upon the decision of the court at Special Term.

In the year 1863 defendants, Banker and Reeve, recovered judgment against defendant, Kraft. On the 1st of May, 1867, Kraft leased certain premises for the term of nineteen years. He erected a building thereon, borrowing the money for that purpose and executing mortgages upon his interest as security for the loans. Plaintiff purchased and took an assignment of one of these mortgages, and subsequently purchased and took an assignment of the lease, assuming and paying the other mortgages without knowledge of the judgments, and she also paid large sums to redeem the property from sales for unpaid taxes. The complaint asks a decree declaring defendant's judgments to be subsequent liens to that of the mortgages, and subsequent to the alleged equitable lien for the moneys expended by her to redeem the property. Upon trial at Special Term the court decided in favor of plaintiff substantially in accordance with the prayer of the complaint. *Held,* as stated above.

*Thomas Darlington* for the appellant.

*D. M. Porter* for the respondents.

FOLGER, J., reads for affirmance.
All concur.
Order affirmed and judgment absolute against plaintiff.