Order reversed and new trial granted, costs to abide event.

HIRAM RAY, Respondent, v. HORACE H. ADAMS . and OTHERS, Appellants.

*Judgment — lien of, as against subsequent mortgage — purchase-money mortgage — party advancing money to pay for land under an agreement that it should be secured by mortgage thereon.*

One Reese, who held a contract for the purchase of certain land, applied to the plaintiff, whom he already owed $500, for a loan of $500 more, to enable him to pay up his contract, agreeing to secure the whole amount, $1,000, by a mortgage to be executed upon the land as soon as it was conveyed to him. The day after the land was conveyed to Reese he deposited the deed with the plaintiff to hold as security for the $1,000, and about a year afterward executed a mortgage to him for that amount. The mortgage and deed were recorded the same day. Prior to the date of the conveyance to Reese, one Adams had recovered a judgment against Reese. *Held* (1), that as to the $500 advanced for the purchase of the land, the lien of the mortgage was prior to that of the judgment; (2), that as to the prior debt of $500, included in the mortgage, the judgment was entitled to priority.

* 17 Wall., 366.

APPEAL from a judgment for plaintiff at Special Term. The facts found by the court are set out in the case substantially as follows :

The defendant Reese held a contract for the purchase of certain lands in the town of Le Ray, Jefferson county, on which he had paid $100 ; and there remained unpaid $900, which was to be paid before he should be entitled to a deed. In March, 1870, he applied to the plaintiff, Ray, for a loan of $500, to enable him to pay up the contract. Reese already owed Ray $500, previously loaned. Ray agreed to make the loan upon condition that Reese would, when he acquired the lands, give him a mortgage on said premises to secure the payment of both sums. Reese took the loan of $500, and the same was paid toward the purchase-price of said land ; and Reese took a conveyance of said land under his contract of purchase, March 1, 1870. The *next day* he placed the deed in the custody of Ray, to hold as security for the $1,000, and the interest, until the mortgage should be executed. On the 7th day of January, 1871, Reese executed the mortgage, and both the deed and mortgage were recorded on the same day. There was a judgment obtained, and docketed in Jefferson county against Reese, May 3, 1865, for $132.05, subsequently assigned to the defendant Horace H. Adams. Before the commencement of this action, an execution was issued upon the judgment, and it appears from the testimony of the sheriff, that he advertised this land for sale, but was prevented from selling it by an order of injunction, granted in this action.

This action was brought to foreclose the plaintiff's mortgage, and for a judgment declaring it an equitable lien on said premises prior to the lien of the said judgment. The court decided in favor of the plaintiff, and judgment was entered accordingly.

The defendants' counsel excepted to the decision. He also requested the court to decide that the plaintiff's mortgage, embracing an old debt of $600, could not be regarded as a purchase-money mortgage, except for the loan of $500 advanced to pay toward the purchase-price. This the court declined to hold, and the defendants' counsel excepted.

The defendants' counsel insisted that the mortgage could not, in any event, be regarded as a lien precedent to the judgment, beyond

the $500. The court declined to hold in accordance with defendants' request in this respect, and the defendants' counsel excepted.

*F. W. Hubbard*, for the appellants.

*Levi H. Brown* and *M. Ballard*, for the respondent. An agreement for a mortgage is in equity a specific lien on the land. (*In Matter of Howe*, 1 Paige, 125, and cases there cited; 6 Johns. Ch., 402; Story's Eq. Jur., § 790, 791, 792, 793; Willard's Eq. Jur., 567; *Griffin* v. *Bennett*, 4 Edw. Ch., 673; *In Matter of Howe*, 1 Paige, 125, 129, 130.) By advancing money to pay the purchase-money under the circumstances and agreement, Ray acquired like equities, and his mortgage the same priority as to the general lien of judgments against the vendee, as would the vendor on taking a mortgage on sale to secure payment of purchase-money, at least to the extent of the loan, although Ray's mortgage was not in fact or literally a "purchase-money mortgage." (*Jackson ex dem.* v. *Austin*, 15 Johns., 477; *Tallman* v. *Farley*, 1 Barb., 280; *Heywood* v. *Nooney*, 3 id., 643; *Chase* v. *Peck*, 21 N. Y., 585; *Lane* v. *Ludlow*, 6 Paige, 316; *Parker* v. *Jackson*, 11 Wend., 442.) What, in good conscience, ought to have been done in execution of the agreement to protect the rights of the plaintiff and secure him for money parted with, equity will regard as done. (*In Matter of Howe*, 1 Paige, 125; Willard's Eq. Jur., 47, 298, 299; *Lanning* v. *Tompkins*, 45 Barb., 308, 316; *Burch* v. *Newbury*, 1 id., 648, 664.)

MORGAN, J.:

It is very difficult to find any principle in the adjudged cases, upon which the judgment in this action can be sustained. The liens of judgments are declared by statute.* And it is also provided that, " whenever lands are sold and conveyed, and a mortgage is given by the purchaser at the *same time*, to secure the payment of the purchase-money, or any part thereof, such mortgage shall be preferred to any previous judgment which may have been obtained against such purchaser." † The same provision was contained in the Revised Laws; ‡ and it was decided in *Jackson* v. *Austin*, § that this preference over a prior judgment is not restricted

---

* 2 R. S., 359, § 3.                    † 1 R. S. (Edm. ed.), 700, § 5.
‡ 1 R. L., 375, § 15.                    § 15 Johns., 477.

to the case of a mortgage to the vendor of the land; but if the purchase-money be advanced by a third person, to whom the purchaser, *at the same time* that the conveyance is executed to him, executes a mortgage of the same land to secure the money advanced, such mortgage is entitled to the same preference over a prior judgment as the vendor of the land would have had, had the mortgage been executed to him. It was decided that such a mortgage to a stranger for purchase-money, is within the terms of the statute. Under this decision, it is plain that the plaintiff here cannot be regarded as embraced within the terms of the statute giving his mortgage priority, for it was not executed at the *same time* as the conveyance.

As to the. *deposit* of the deed with the plaintiff by way of security until the mortgage should be executed, if it should be regarded as an equitable mortgage, it appears that the deposit was not in fact made until the next day after Reese obtained the conveyance; and in the mean time the judgment became a lien prior in point of time to the *deposit* of the deed. That feature of the case may be disregarded entirely, for it is obvious that the subsequent mortgage is just as good as the *deposit* of the deed, to create a lien. Both were subsequent to the conveyance. Indeed, if the mortgage had been executed the same day of the *deposit* of the deed, it would not in any way change the rights of the parties. In either case the lien of the judgment creditor would attach before the deposit of the deed, or the making of the mortgage. It is enough, perhaps, to say of this deposit by way of security, that it is not sufficient to create an equitable mortgage, for it was not an actual, *immediate* and *bona fide* deposit of the title deed with the creditor, when the loan was made.* It may, however, be regarded as some evidence of the agreement to give a mortgage.

It is said, that when the conveyance and incumbrance of the land are *simultaneous*, no opportunity is given for the judgment lien to attach. But it has been held, that if, upon acquiring the land, the judgment debtor immediately executes a mortgage, *not for the purchase-money*, the lien of the mortgage will be subordinate to that of the judgment. Some other reason must be found, therefore, for giving precedence to a purchase-money mortgage,

* 2 Story's Eq. Jur., § 1020.

than that of simultaneousness.  Hence it is said that a purchaser who has paid only a portion of the sum contracted to be paid, has no title which is not liable to be subjected to the lien of the vendor for unpaid purchase-money.  It is argued that the mortgage for unpaid purchase-money represents an interest in the land, never in fact owned by the incumbrancer; and it is said this gives it precedence over judgment liens of anterior date. *

The statute already cited, seems to recognize the doctrine, that only a simultaneous mortgage for the purchase-money will displace · the lien of a prior judgment against the vendor; but courts of equity have long asserted the priority of the vendor's lien for the unpaid purchase-money, as against prior judgment creditors and subsequent purchasers affected with notice.  This lien, when it has not been waived, would allow the vendor of land to enforce it for the unpaid purchase-money, as against the prior creditors of the vendee.  Nor do I see any reason why the taking of a mortgage subsequent to the conveyance, should place the vendor in a worse condition than he would be in if he had relied upon his implied lien.  But no authority can be found, I think, which would allow the vendor in such a case to tack another debt to his mortgage, and make it a lien to take effect prior to a former judgment against his vendee.  There is, in my opinion, no ground for holding that a precedent debt, not for purchase-money, can be incorporated into a mortgage so as to displace a prior judgment, even if given simultaneously with the conveyance.  The contrary has been held in *Root* v. *Curtis.* †  Much less can it be claimed that such a mortgage, given by the vendee subsequent to the conveyance to him, can operate to defeat the lien of a prior judgment.

The judgment of the Special Term is therefore erroneous, so far as it gives priority to the old debt of $600.  It was not claimed to have been advanced as purchase-money, for only $100 had been paid on the contract when the $500 loan was made.  There is doubtless more difficulty with the other question, and I do not propose to discuss it at length.  It may be unnecessary to decide it, as doubtless the judgment must be satisfied without regard to the lien of $500.  That there is some ground for asserting the priority of

* See Freeman on Judgments, § 373, and cases there cited.

† 38 Ill., 192; and see Freeman on J., § 373; Dwight v. Newell, 3 Comst., 185.

lien as to the loan of $500, will be readily conceded. I have assumed that it might be asserted in favor of the vendor; and perhaps, in case of accident, fraud or mistake, in favor of a stranger who advances the purchase-money upon an agreement of the vendee for a mortgage simultaneously with his obtaining the title. Though the mortgage is not given till long afterward, perhaps a court of equity would regard that as done which was agreed to be done, and at the time it was to be done. * As against judgments which are general and not specific liens on the debtor's estate, the claim of a stranger who has advanced money to the debtor to help him purchase the lands, under an agreement for a mortgage as security on the same lands when obtained, stands upon strong grounds of equity, and unless he has lost his preference by his neglect to take a simultaneous mortgage, there is no reason why he should not be preferred over a prior judgment creditor.† Whether the courts in this State will establish such a doctrine, remains to be seen.

There are decisions which seem to be adverse to extending these equitable liens, or multiplying them so as to embrace doubtful cases. ‡ The case of *Griffin* v. *Burtnett,* § cited by the respondent's counsel, is apparently in favor of the claim to priority as to the $500 loan. But the vendee in that case worked out his claim through a mortgage to secure future advances for improving the property, which was *prior* in point of time to the judgment. Another person than the mortgagee made the advances upon the security of his mortgage, and he was adjudged to have a prior equity. The mortgage was prior to the judgment, but the moneys advanced were subsequent. Without the aid of this *prior* mortgage, which contemplated these advances, there is no ground of equity stated, upon which the preference could be sustained. Indeed, the case of *Cook* v. *Banker* ‖ would reject this claim to priority, if it was founded simply upon an agreement to give a mortgage. In *Tallman* v. *Farley,*¶ the subsequent mortgagee had

* See, however, Hilliard on Mort., 599, 600, and notes.

† See 2 Story Eq. Jur. (11th ed.), §§ 1227, 1228, and notes.

‡ See Meech v. Allen, 17 N. Y., 300; Cook v. Kraft, 60 Barb., 409; Cook v. Banker, 50 N. Y., 655.

§ 4 Edw. Ch., 673.    ‖ 50 N. Y., 655.    ¶ 1 Barb., 280.

advanced money on the credit of the land; and, upon obtaining title, the mortgagor at *the same time* executed the mortgage. But EDMONDS, J., in delivering the opinion of the court, says: "If the judgment creditors could find a moment of time in which their debtors had a right to sell or incumber the premises in preference to the claim of the second mortgagees, they might perhaps find some aliment on which their legal claim might be fed." *Haywood* v. *Nooney*, * was a case within the decision of *Jackson* v. *Austin*, † and does not profess to decide anything more. Other cases are cited by the respondent, but I am of opinion that they do not decide the question in favor of the plaintiff. No case has been cited in this State, which recognizes an *equitable lien* in favor of a stranger who advances a portion of the purchase-price. It is not pretended that he can proceed ·in equity to establish a lien, as the vendor may, for unpaid ·purchase-money. His claim must therefore rest entirely upon the agreement for a lien. The statute comes to his aid if he has taken a *simultaneous* mortgage for money advanced to pay for the land. ‡ If he neglects to take such security until the lien of a former judgment attaches to the land, he is remediless, unless he is able to make a case for a court of equity to relieve him by declaring that to be done which ought to have been done at the time. I see nothing in this case to call upon a court of equity to give effect to the subsequent mortgage, as though it had been executed when it was agreed to be executed. If the deposit of the deed had been made at the very time of obtaining it, that might have operated to create a simultaneous lien. Can it be regarded as having been made at the same time, although deferred till the next day? I well see that there may have been some reasonable excuse for it; but none is proffered in this case; and no fraud or ·accident is alleged, which calls upon the court to interfere and declare that what was done afterward should be treated as though it had been at the time agreed upon.

In my opinion it is a case of simple neglect or carelessness; and courts do not relieve parties who lie by and allow other creditors to gain·a legal advantage. But it has been held that a *parol* agreement to deposit or mortgage will not be enforced; § nor will equity

* 3 Barb., 643.          † 15 Johns., 477.          ‡ Jackson v. Austin, *supra.*
§ 4 Kent, 151, and cases cited; 2 Story Eq., § 1020; 1 Hilliard on Mort., 600.

consider that as done which ought to be done, unless the court has authority to order that the act be done.*

Now, I am opposed to extending our jurisdiction to doubtful cases, and reaching out to see if we cannot find some plausible excuse for creating an equity which will deprive a creditor of his legal advantage. The judgment is clearly erroneous in relation to the $600 included in the plaintiff's mortgage; and, in my opinion, there are no grounds of equity stated in the pleadings or proved on the trial, which will uphold the judgment as to any part of the plaintiff's mortgage.

The defendant Adams has, by the neglect of the plaintiff, obtained a prior lien on the lands; and I have found no well considered authority which calls upon this court to deprive him of it in favor of a subsequent mortgagee.

On both grounds I think the judgment should be reversed and a new trial granted, costs to abide the event.

MULLIN, P. J., and SMITH, J., concur in the opinion as to the old debt secured by the mortgage, but are of opinion that the judgment is right in preferring the loan of $500. The judgment must, therefore, be modified accordingly, and as modified affirmed, without costs of appeal to either party.

Judgment modified, and as modified, affirmed, without costs of appeal to either party.

* 1 Hilliard, 600, note (a), citing Clabaugh v. Byerly, 7 Gill, 354.