JAMES A. BRADLEY

*v.*

CHARLOTTE W. BYRAN et al.

B. & Co., who had furnished materials for erecting a building, and were entitled to a lien therefor, released their right to such lien in favor of the vendor of the lot-owner, E., before the vendor delivered his deed for the premises to E., and received a purchase-money mortgage therefor. In lieu of such lien, and to secure it, B. & Co., the same day, accepted a deed from E., which was in fact a mortgage, but the defeasance was not recorded. Afterward B. & Co. reconveyed the premises to E., who conveyed them, the same day, to J., and J., as part of the same transfer, executed a mortgage thereon to B. & Co. for the amount of their claim. *Held*, that this mortgage was a purchase-money mortgage, and superior in lien on the premises to a judgment recovered by C., several years ago, against J.

*Mr. W. H. Vredenburgh*, for complainant.

*Mr. C. Robbins*, for Buchanan & Co.

*Mr. Flavel McGee*, for Crisy & Crisy

BIRD, V. C.

Bradley was the owner of a lot of land. About June 8th, 1882, he agreed to sell that lot to Edlestien for $1,500, and also to loan to him, for the purpose of building thereon, $900 more. He, at that date, executed a deed for the lot to Edlestien, and Edlestien executed a mortgage. The testimony shows that the money was all advanced in cash or goods before October 6th, 1882. On that day the deed was delivered to Edlestien, when he delivered his mortgage to Bradley. As between the parties to this suit, that entire claim of $2,400, together with the interest which has accrued, is good and is allowed.

Prior to this 6th of October, 1882, the defendants, Buchanan, Snock & Snock, furnished lumber and materials to Edlestien for the house which he built on said lot. The lumber and materials so furnished were of the value of $900. For this they had a

Bradley v. Byran.

right to file a mechanics lien.   This right they released to Brad-
ley before he delivered his deed and accepted his mortgage, and
to secure their claim accepted a deed for the premises from Edle-
stien.   This deed was absolute on its face, but an agreement in
writing was made which established the relation of mortgagor
and mortgagee between the parties thereto.   This defeasance was
not recorded.   On November 25th, 1882, Buchanan, Snock &
Snock conveyed by deed the said premises to said Edlestien, on
which day Edlestien conveyed to John M. Byran, and Byran
executed a mortgage thereon to said Buchanan, Snock & Snock
for the $900, the extent of their interest in the premises.   These
papers were all prepared and delivered as one transaction, at the
same time.   It was agreed between all the parties named that
the transfer should be so made and that the interest which
Buchanan, Snock & Snock had in the property should be secured
by a mortgage from Byran.   In this way Byran was to pay so
much. of the consideration-money.   As between these parties,
there is nothing to remove the mortgage of Buchanan, Snock &
Snock from the second place in order of priority.

But the defendants Crisy & Crisy demand judgment in their
behalf as between themselves and Buchanan, Snock & Snock.

Note.—A person cannot acquire a lien upon land purchased by another by
the voluntary and unauthorized payment of the purchase-money therefor,.
*Truesdell* v. *Callaway, 6 Mo. 605;* nor can he, by paying the debt due to a ven-
dor who has a lien for the purchase-money, be subrogated to such vendor's-
lien, *Nichol* v. *Dunn, 25 Ark. 129;* see *Wilkes* v. *Harper, 1 N. Y. 586.*

Where A, without authority from B, purchases lands and takes the title in·
the name of B, no vendor's lien exists, *Weare* v. *Linnell, 29 Mich. 224.*

If a vendee pays an execution against his vendor, the latter cannot insist
that such payment amounts to such part performance of the parol contract
between them for the sale of lands as entitles him to a specific performance,
*Anderson* v. *Chick, Bail. Eq. 118.*

A subsequent mortgagee, after paying the vendor the balance of the pur-
chase-money due him, was allowed to tack that balance to his own mortgage,.
*Henderson* v. *Stewart, 4 Hawks 256;* but see *Fredericks* v. *Corcoran, 100 Pa. St.*
*413;* *Refeld* v. *Ferrell, 27 Ark. 534, 30 Ark. 465.*

If a third person advances the purchase-money, and the purchaser, at the·
same time the deed is given to him, executes a mortgage to such third person
on the same land, to secure the money so advanced, such mortgage is entitled
to the same preference over a prior judgment against the purchaser as the·

Bradley *v.* Byran.

They hold a judgment at law which was recovered in 1868 against John M. Byran, all of which they urge attached to the land in question, while the title was in process of transmission, prior to the lien of the mortgage by Byran to Buchanan, Snock & Snock.

The question, therefore, is, Was there such a breach or gap in the transaction, between the delivery of the deed by Buchanan, Snock & Snock to Edlestien, and the delivery of the mortgage by Byran to Buchanan, Snock & Snock, as will, under the rules of law, let in the judgment of Crisy & Crisy, and give it precedence to the mortgage? Of course, if this mortgage be a purchase-money mortgage, in the sense of the statute, then the Crisy & Crisy judgment must stand aside for the mortgage. *Rev. p. 167* § *77.* Was it such mortgage? I have no doubt but that the parties so intended it. It was part of the payment; nothing else stands in place of it.

When, on November 26th, 1882, they surrendered the title which they had acquired on October 6th previously, as security for their claim of $900, they accepted this mortgage from Byran on the same premises. The sale or transfer was not directly to

---

vendor would have had if the mortgage had been given directly to him, *Cood* v. *Pollard, 9 Price 544, 10 Price 109 ; Blevins* v. *Rogers, 32 Ark. 258 ; Mitchell* v. *Butt, 45 Ga. 162 ; Austin* v. *Underwood, 37 Ill. 438 ; Curtis* v. *Root, 20 Ill. 53, 518* [approved in *Wallace* v. *Silsby, 13 Vr. 9, Beasley, C. J.*] ; *Magee* v. *Magee, 51 Ill. 500 ; Dwenger* v. *Branigan, 95 Ind. 221 ; Kaiser* v. *Lembeck, 55 Iowa 244 ; Mize* v. *Barnes, 78 Ky. 506 ; Stevens* v. *Stevens, 10 Allen 146 ; Bolles* v. *Carli, 12 Minn. 113 ; Pearl* v. *Hervey, 70 Mo. 160 ; Lovett* v. *Demarest, 1 Hal. Ch. 113 ; Haywood* v. *Nooney, 3 Barb. 643 ; Moring* v. *Dickerson, 85 N. C. 466 ; Jones* v. *Parker, 51 Wis. 218 ; Carey* v. *Boyle, 53 Wis. 574, 56 Wis. 145.* But see to the contrary, *Gilman* v. *Dingeman, 49 Iowa 308 ; Alderson* v. *Ames, 6 Md. 52 ; Heuisler* v. *Nickum, 38 Md. 270 ; Skaggs* v. *Nelson, 25 Miss. 88 ; Marquat* v. *Marquat, 7 How. Pr. 417, 2 N. Y. 336 ; McLean* v. *Findley, 2 P. & W. (Pa.) 101 ; Stansell* v. *Jennings, 13 Ohio 148 ;* see, also, *Puck* v. *Carder, 4 Bush 121 ; Clower* v. *Rawlings, 9 Sm. & Marsh. 122 ; Pitts* v. *Parker, 44 Miss. 247 ; Boyd* v. *Mundorf, 3 Stew. Eq. 545 ; Collerd* v. *Huson, 7 Stew. Eq. 38 and note ; Cake's Appeal, 23 Pa. St. 186 ; Cohn* v. *Hoffman, 6 S. W. Rep. 511.* And so a mortgage to a third person for purchase-money has been held prior to a mechanics lien on the premises, *Weldon* v. *Gibbon, 2 Phila. 176.*

A lien will not enure for the benefit of a person who advances part of the purchase-money to one of two joint purchasers, and takes a mortgage therefor

Bradley v. Byran.

Byran from Buchanan, Snock & Snock, but first the title was made to Edlestien and then from him to Byran. In one view of the case it was essential to pass the title to Edlestien, since, under the agreement, he was the owner of the equity of redemption. This, certainly, he could have conveyed or released to Byran. But evidently there was a just reason for allowing the title to pass through Edlestien. Since it is most apparent that the intention of all the parties was, from the beginning, to convey the title to Byran, and that the execution and delivery of this mortgage by him was also intended as a part of the purchase price, the mind is strongly inclined to consider it as, within the statute, a purchase-money mortgage. The purchase-money was thus paid. It was neither paid nor secured in any other way.

But a purchase-money mortgage for what? If for anything, for the interest which Buchanan, Snock & Snock had in the lot. Crisy & Crisy say they are not bound by the agreement which made the deed from Edlestien to Buchanan, Snock & Snock simply a mortgage, which is no doubt true, as they had no notice of it, and it was not recorded; but it works no injury to

on his undivided moiety, *Cox* v. *Carson*, *3 Head 607 ;* see *White* v. *Wakefield*, *7 Sim. 401; Crane* v. *Caldwell, 14 Ill. 468 ; Coster* v. *Bank of Georgia, 24 Ala. 37 ; Glasscock* v. *Glasscock, 17 Tex. 480; Patton* v. *Hoge, 22 Gratt. 443 ; Sanderson* v. *Burdett, 16 Grant's Ch. 119 ; Hall* v. *Morris, 13 Bush 322.*

If the vendor stipulates that part of the purchase-money be paid to a third person, the latter is entitled to a lien therefor, *Gault* v. *Trumbo, 17 B. Mon. 682 ; Lee* v. *Newman, 55 Miss. 365 : Turkes* v. *Reis, 14 Abb. N. C. 26 ; Latham* v. *Staples, 46 Ala. 462 ; Hamilton* v. *Gilbert, 2 Heisk. 680 ;* see *Colcord* v. *Seamonds, 6 B. Mon. 265.*

A vendee has a similar lien for purchase-money advanced by him, where the contract is never consummated, *Rose* v. *Watson, 10 H. L. C. 672 ; Torrance* v. *Bolton, L. R. (8 Ch. App.) 118 ; Bibb* v. *Prather, 1 Bibb 313; Griffith* v. *Depew, 3 A. K. Marsh. 177 ; Funk* v. *McKeown, 4 J. J. Marsh. 162 ; Vaughan* v. *Myers, 2 Dana 113 ; Money* v. *Dorsey, 7 Sm. & Marsh. 15 ; Davis* v. *Heard, 44 Miss. 50 ; Allen* v. *Bratton, 47 Miss. 119 ; Shirley* v. *Shirley, 7 Blackf. 452 ; Payne* v. *Atterbury, Harring. (Mich.) 414; Stewart* v. *Wood, 63 Mo. 252 ; Clark* v. *Jacobs, 56 How. Pr. 519 ; Hilton* v. *Duncan, 1 Coldw. 313 ; Conner* v. *Banks, 18 Ala. 42 ; Manly* v. *Slason, 21 Vt. 271; Taft* v. *Kessel, 16 Wis. 273 ;* see *Wells* v. *Porter, 5 B. Mon. 416 ; Waddington* v. *Banks, 1 Brock. 97 ; Ewing* v. *Osbaldston, 2 Myl. & C. 88.*—Rep.

them that Buchanan, Snock & Snock's interest was less than the fee simple absolute. We are dealing with whatever interest Buchanan, Snock & Snock had, that they sold, and that Byran contracted to purchase through Edlestien. In my judgment this case is within the statute. *Beebe* v. *Austin, 15 Johns. 477.*

Again, I think that the rule which prevents the attaching of a lien when the act of receiving and conveying the title is instantaneous, or one and the same act, applies. There is nothing upon which the judgment could rest, or to which it could adhere. The very act (or agreement embodied in the living act) which carried the title from Buchanan, Snock & Snock to Byran carried it back to Buchanan, Snock & Snock. However numerous the transfers intervening, they formed but one circuit. There was no immediate stoppage or suspension; nor could there be; for Buchanan, Snock & Snock retained their first title until they were assured that it would be carried instantly back to them. I can discover no resting place for any lien claimant who was outside of that particular transaction. There was no breach or gap through which he could pass.

It was urged upon the argument that no adjudication of this question had been made in our courts. I think a case quite similar, involving, at least, the same legal principles, was before Vice-Chancellor Van Fleet. I refer to *Clark* v. *Butler, 5 Stew. Eq. 664.* In that case the holder of two mortgages surrendered them and took another in lieu thereof at the same time. Before this surrender Butler furnished to the owner and mortgagor materials for a building on the mortgaged premises. For these materials he afterwards took a general and special judgment. In the suit by the mortgagee to foreclose, Butler insisted that his lien was entitled to precedence, because the exchange of the old mortgages for the new was, in point of time, after the lien of material-man attached under the statute. The court decided that in such case the seizin was so transitory or instantaneous that the lien could not attach. I would also call attention to the following cases: *Wallace* v. *Silsby, 13 Vr. 1, 6,* and the cases cited; *Clark* v. *Munroe, 14 Mass. 351; Jackson* v. *McKenny, 3 Wend. 233; Stow* v. *Tifft, 15 Johns. 458; Beebe* v. *Austin, 15 Johns. 477; Lynde*

v. *Budd, 2 Paige 191; Van Horne* v. *Crain, 1 Paige 455; Kittle* v. *Van Dyck, 1 Sandf. Ch. 76; Farmers L. & T. Co.* v. *People, 1 Sandf. Ch. 139, 141; Rawson* v. *Lampman, 5 N. Y. 456; Dusenbury* v. *Hulbert, 59 N. Y. 541, 545; 1 Scribner on Dower 271,* and references. I think Buchanan, Snock & Snock retain their position as second in order of priority, and that the judgment of Crisy & Crisy ought to follow their mortgage.