## NORTHEASTERN PERMANENT SAVINGS & LOAN ASS'N v. BARKER et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. MORTGAGES—EQUITABLE LIEN.
    Where a mortgagee relinquishes his mortgage security under an agreement with the mortgagor that a mortgage given to plaintiff shall stand as his security, and that so much of the advance to be made by plaintiff on such mortgage shall be paid him as would satisfy his debt, and he is given an order by which plaintiff is directed to pay the amount of such debt to him, instead of to the mortgagor, he has an equitable lien on the premises, second only to plaintiff's mortgage, and superior to any subsequent liens filed against the property.

2. SAME—PAROL EVIDENCE.
    An objection to evidence of the parol agreement between such former mortgagee and the mortgagor, on the ground that it was merged in the written order for the payment of the amount by plaintiff, was properly overruled, for the giving of such order was only in furtherance or part performance of the parol agreement.

3. SAME—ORDER ON MORTGAGEE.
    An objection that the order had never become operative, because not payable, by its terms, until the building on the mortgaged premises was completed, is of no avail under a finding that the building was substantially completed.

4. SAME—WAIVER OF EQUITY.
    By consenting to an advancement by plaintiff to the mortgagor of $200 on the mortgage, such former mortgagee did not waive his equity against subsequent lienors, in view of the fact that there still remained a margin on the mortgage more than sufficient to satisfy his claim.

Appeal from Monroe county court.

Action by the Northeastern Permanent Savings & Loan Association against Hiram L. Barker, George W. Duncan, and others, for the foreclosure of a mortgage. From the decree of foreclosure, defendants Duncan and others appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. J. Snell, for appellants.

D. Hays, for respondent Barker.

DWIGHT, P. J.  The decree was rendered in an action for the foreclosure of a mortgage given by one Silliman and wife to the plaintiff to secure the payment of $2,300, to be advanced in accordance with the rules and regulations of the plaintiff association, and upon which the sum of $1,200 had been actually advanced at the time the action was begun.  The only issue joined in the action was between the defendant Barker and certain of his codefendants in respect to the relative priority of their several liens, subsequent to that of the plaintiff; and, that issue having been determined in the county court in favor of Barker, the case is brought into this court by the single appeal of the defendants Duncan & Hall, copartners, and holders of a mechanic's lien on the premises covered by the mortgage.

There is no substantial dispute in respect to the material facts, as found by the court, upon which the controversy arises.  They may be briefly stated as follows:  The defendant Barker held a mortgage on the same and other premises when the mortgagor, the defendant Silliman, applied to the plaintiff for a loan or advance under the practice and methods of the loan associations, for a larger amount, to be secured by separate mortgages on the three parcels of land which were covered by the mortgage of Barker.  The application was granted, on condition that the mortgage of Barker should be first discharged.  Silliman thereupon entered into negotiations with Barker which resulted in an agreement by which Silliman was to apply sufficient of the proceeds of the plaintiff's loan to reduce the amount due on Barker's mortgage to $700, when Barker should discharge his mortgage in full, and that for the balance, of $700, the mortgage now in suit, upon which only $1,000 was to be presently advanced by the plaintiff, should stand as Barker's security; that the advance subsequently to be made thereon by the plaintiff, as the buildings being erected on the premises should progress towards completion, to the extent of $700 and interest, should be made to Barker, instead of to Silliman; and that, to insure such application of so much of the fund, Silliman should give to Barker an order upon or assignment of the fund to arise upon two of the mortgages, including that in suit, to the extent of $700.  This agreement was carried into effect on the 15th day of July, 1891, by the execution by Barker of the discharge of his mortgage on the payment to him of the amount due thereon, less $700, and the delivery to him by Silliman of the order or assignment mentioned above, by which payment was directed to be made of the $700 to Barker, instead of to Silliman; said sum being described as "a part of the loan to me [Silliman] on said mortgages retained by said association until the completion of the houses on said lots."  Of this order or assignment, Barker on the same day gave due notice to the plaintiff. Subsequently, and on August 20, 1891, the plaintiff made a further advancement on the mortgage in suit, of $200, to Silliman, with the consent of Barker, making a total advancement of $1,200 on the mortgage

of $2,300; and no further advancement was ever made thereon. At that time the building on the premises covered by that mortgage was substantially completed; an outlay of from $50 to $75, only, being necessary to its entire completion. At about the same time the mortgagor, Silliman, being "financially embarrassed," absconded from Rochester, where he had been residing, and has ever since been insolvent. On the 10th day of September, 1891, the appellants, Duncan & Hall, filed their notice of lien for materials furnished for the building on the premises described in the complaint, to the amount of $314.05. Upon findings embracing the facts above stated, the court below based conclusions of law to the effect that by virtue of the arrangement between the mortgagor, Silliman, and the defendant Barker, of July 15, 1891, the latter "obtained an equitable lien on the premises described in the complaint," second only to the lien of the plaintiff's mortgage, and superior to the liens of the other defendants herein; and that, after satisfying its own mortgage debt, the plaintiff holds the said mortgage as trustee for the defendant Barker, to the extent of his claim. Judgment was directed for a sale of the premises described in the complaint, and the application of the proceeds of sale — First, to the payment of the plaintiff's mortgage debt, with interest and costs; second, to the payment of the debt due to Barker, with interest; and, third, if any surplus should remain, that it be paid into court to be distributed between the subsequent lienors as their several rights should be. made to appear, on the usual application for surplus moneys. It was the defendants Duncan & Hall alone, among several subsequent lienors, who appealed from the judgment entered upon such direction.

We think the judgment was entirely correct, and upon the grounds substantially embraced in the conclusions of law of the trial court. There can be no doubt, we think, of the right of the defendant Barker, under the agreement with the mortgagor, by which he relinquished his own mortgage security, to be subrogated to that of the plaintiff after the debt of the latter should be fully satisfied; and this right did not depend upon any contract or consent of the mortgagee. 1 Jones, Mortg. § 874 et seq.; Gans v. Thieme, 93 N. Y. 225, 232; Barnes v. Mott, 64 N. Y. 397. See, also, Griffin v. Burtnett, 4 Edw. Ch. 673. This last was a case in which the mortgagee took his mortgage for the full amount of moneys which he was to advance to the mortgagor, in installments, as building on the property should progress. He failed to make the later advancements, and they were made by a stranger to the mortgage, relying upon the same security; and he was allowed to be subrogated to that security, even as against a subsequent mortgage, which was given before the last-mentioned advancements were made. In the present case the subsequent liens were acquired after the equity of Barker had been fixed, and the security afforded by those liens was no less than it would have been if the loan association had advanced the whole amount covered by its mortgage, and the claim of Barker had been satisfied from the advancements so made, as would have been his undoubted right.

The objection to evidence of the parol agreement between Silliman and Barker, on the ground that it was merged in the written order or

assignment, was properly overruled.    The giving of that order was only in furtherance or part performance of the parol agreement.

The objection that the order had never become operative, because not payable by its terms, until the building on the premises covered by the mortgage was completed, is of no avail to the appellants, under the finding that the building was substantially completed.    Glacius v. Black, 50 N. Y. 145; Woodworth v. Fuller, 80 N. Y. 312; Heckman v. Pinkney, 81 N. Y. 211.

The objection that, by consenting to the advancement of $200 on the mortgage in suit to Silliman himself, Barker waived his equity, as against the appellants, is not tenable, because there still remained a margin on that mortgage more than sufficient to secure his claim.

We find nothing in the case which impugns the right of Barker to assert, as against the appellants, his equity to be indemnified out of the avails of this mortgage for the surrender of his prior lien.    The judgment should be affirmed.

Judgment of the county court of Monroe county, appealed from, affirmed, with costs.    All concur.