McGowan *v.* Smith.

---

## MARY McGOWAN *vs.* JOHN SMITH.

B. & B. having a contract from W. and others, for the purchase of a lot of land upon which they had paid a part of the purchase money, agreed by a contract in writing, dated September 27, 1828, to sell and convey said lot to M. by deed, on or before the 1st of January then next. M. was to pay $610 at the time of the execution of the deed, and give a bond conditioned to pay B. & B. $1365 in seven annual payments from the said 1st of January, with a mortgage to them on the land, as security for the bond. It was arranged that W. and others should convey directly to M., they receiving from M. whatever was due to them from B. & B. The deed was made out and dated December 29, 1828, was acknowledged by the agent of C. & U. two of the grantors, on the same day, and by W. the other grantor, December 31. It was put on record in the proper clerk's office January 2, 1829, at 9 o'clock, A. M. The mortgage, dated January 2, was acknowledged the same day and put on record at 10 o'clock of the same day. *Held* that the giving of the deed and taking of the mortgage were one transaction; and that the two conveyances were to be considered as executed at the same time, within the spirit and intent of the statute relative to dower in lands mortgaged for the purchase money. And that consequently the widow of M. was not entitled to dower in the premises.

*Held, also,* that the mortgage having been given for a part of the purchase money of the premises, the fact that the deed was executed by W. and others, and not by B. & B., the mortgagees, did not affect the question.

ACTION for the recovery of dower. The defense was that the plaintiff's husband purchased the premises in question, during the coverture and gave back a mortgage to secure the

purchase money; that such mortgage was foreclosed, and upon a sale in the foreclosure suit the premises were purchased by Charles and Thomas Brady, under whom the defendant derived his title.

The following are the facts in the case : That the plaintiff is the widow of Andrew McGowan, and that he, whilst the husband of the plaintiff, was seised of the premises described in the complaint. That said McGowan purchased the premises of Charles and Thomas Brady, by an article of agreement in writing, dated September 27, 1828, signed by all the parties. That said Charles and Thomas Brady were then in possession of the premises under an agreement of purchase and sale from James Wadsworth and others. That an arrangement was made between the Bradys and McGowan to have Wadsworth and others convey directly to McGowan, they (Wadsworth and others) receiving whatever was due to them from the Bradys and McGowan, to execute a mortgage on the premises sold to the Brady's for balance of purchase money. This was done. The deed was recorded in Monroe county clerk's office, January 2, 1829, at 9 A. M. It was acknowledged by Cathcart and Ure, in Ontario county, on the 29th day of December, 1828, and by James Wadsworth, in Livingston county, on the 31st of December, 1828. The mortgage was recorded in Monroe county clerk's office, January 2, 1829, at 10 A. M., and acknowleded on the same day by McGowan, in Monroe county. The year originally written as the date of the mortgage was 1828, and the last "8" was erased and "9" substituted, and the erasure noted at the bottom of instrument. This was the only business transaction the Bradys ever had with McGowan. The mortgage was afterwards, in 1831, foreclosed, and the premises sold under the foreclosure, and purchased by the Bradys and a master's deed executed to them, and under this title the defendant holds. These facts being undisputed, the court at the circuit, to dispose of the cause, directed a verdict for the plaintiff, subject to the opinion of the general term.

*F. A. Macomber,* for the plaintiff. I. The mortgage executed by Andrew McGowan to Thomas and Charles Brady was not a purchase money mortgage. 1. A purchase money mortgage is one that is executed by the purchaser either, (1.) To the grantor of the lands for the whole or a part. of the unpaid purchase money, or (2.) To a third person who loans to the purchaser the money paid to the grantor. (3 *R. S. 5th ed.* 31, § 5. 4 *Kent's Com.* 39. *Stow* v. *Tifft,* 15 *John.* 462. *Kittle* v. *Van Dyck,* 1 *Sandf. Ch. R.* 76.) It can not be asserted that this mortgage was given to the Bradys for moneys advanced by them to McGowan for the purchase of the lands from Cathcart, Ure and Wadsworth. There is no evidence that this was the case, and the position would be at variance with the attitude of the defendant. 2. Thomas and Charles Brady were not the grantors of the premises. (*a.*) They were not the grantors in fact. (*b.*) They were not the grantors by any legal intendment. The land contract, if any there was, between Cathcart, Ure and Wadsworth, on the one part, and the Bradys on the other, was insufficiently proven to support any claim or title to the lands. Clear proof of the *contents* of the contract should have been given. (*Metcalf* v. *Benthuysen,* 3 *Comst.* 424. *McBurney* v. *Cutler,* 18 *Barb.* 203.) Thomas and Charles Brady were not at any time able to procure a deed and give the same to McGowan. They had not paid the purchase money due on the contract, and consequently there could not be decreed an execution of a deed from Cathcart, Ure and Wadsworth to them. (2 *Story's Eq. Jur.* 771. *Morey* v. *The Farm. Loan and Trust Co.,* 14 *N. Y. Rep.* 302.) The contract by which Thomas and Charles Brady were to convey, and Andrew McGowan was to purchase, the lands in question, was simply a piece of speculation on the part of the Bradys. Where a person takes upon himself to contract for the sale of an estate, and is not absolute owner of it, nor has it in his power by the ordinary course of law or equity, to make himself so, though the owner offer to make the seller a title,

McGowan *v.* Smith.

yet equity will not force the buyer to take it, for every seller ought to be a *bona fide* contractor; and it would lead to infinite mischief if one man were permitted to speculate upon the sale of another's estate. (1 *Sudg. on Vendors*, 207. *Scott* v. *Thorp*, 4 *Edw. Ch. R.* 1.) The statute, which prevents dower in lands mortgaged by the husband for the purchase money, is designed to protect .only those who part with title to real estate, or who furnish the money for the purchase, and is not designed to protect a mere speculation which attempts to defeat the much favored action of dower.

II. The mortgage given by Andrew McGowan to Thomas and Charles Brady was not executed at the same time with the deed from Cathcart, Ure and Wadsworth to him. 1. The dates of the deed and mortgage are *prima facie* evidence of the time of their execution and delivery. (*Breck* v. *Cole*, 4 *Sandf.* 79. *Draper* v. *Snow*, 20 *N. Y. Rep.* 331. *Cunningham* v. *Knight*, 1 *Barb.* 399.) 2. In order to defeat dower, receiving the deed and giving the mortgage must be simultaneous acts. (3 *R S. 5th ed.* 31, § 5. 4 *Kent's Com.* 39. *Stow* v. *Tifft*, 15 *John* 462. *Kittle* v. *Van Dyck*, 1 *Sand. Ch. R.* 76. *Jackson* v. *Dunsbagh*, 1 *John Cas.* 95. *Holbrook* v. *Finney*, 4 *Mass. Rep.* 569) The same act which conveys the premises must also draw them out of the purchaser. The title must be in the grantee and out of him *quasi uno flatu*, and by one and the same act; and the title and the defeasance be parts of the same agreement. (*Same cases.*) 3. The fact that the consideration expressed in the deed is only about half as large as that expressed in the mortgage, and this being wholly unexplained either by the instruments themselves or other evidence, should be taken strongly against the position that the mortgage was given for the deed. (*Schermerhorn* v. *Vanderheyden*, 1 *John.* 139. *Maigley* v. *Hauer*, 7 *id.* 341.)

III. The court should draw, in support of the verdict, every inference from the evidence which a jury would be justified in drawing. (*Williams* v. *Insurance Co. of North*

*America,* 1 *Hilt.* 345. *McConihe* v. *N. Y. and Erie R. R. Co.,* 20 *N. Y. Rep.* 495.) Every intendment will be in favor of dower, and any statute tending to defeat it will be strictly construed. (1 *Story's Eq. Jur.* §§ 629, 630.

IV. Judgment should be awarded to the plaintiff for the undivided one third of the lands described in the complaint, for her dower.

*Rowley & Miller,* for the defendant. I. Section 5, of chapter 1, of title 3, of part 2, of the revised statutes is as follows :

"Where a husband shall purchase lands during coverture, and shall at the same time mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands, as against the mortgagee or those claiming under him, although she shall not have united in such mortgage, but she shall be entitled to dower as against all other persons." This case seems to come clearly within the provisions of this statute. The giving of the deed and the mortgage are a part of the same transaction, and must be considered as having been done at the same time, although the deed is dated two or three days prior to the mortgage. They were recorded at the time and on the same day, and the papers were exchanged and the transaction consummated at the *same time,* at Rochester. (*Stow* v. *Tifft,* 15 *John.* 462. *Jackson* v. *Dewitt,* 6 *Cowen,* 316. *Bell* v. *The Mayor of N. Y.* 10 *Paige,* 49. *Mills* v. *Vanvorhies,* 20 *N. Y. Rep.* 412. *Holbrook* v. *Phinney,* 4 *Mass. R.* 566. *Runyan* v. *Stewart,* 12 *Barb.* 543.)

II. If the mortgage was given for the purchase money, or a part of it, of the premises conveyed, at the *same time,* then of course the defendant should have a verdict. If there is any doubt as to this fact, the question should have been submitted to the jury. If not, (and it is submitted there can be none,) then this court should order judgment for the defendant. That the mortgage was duly foreclosed, and the defendant holds under a title derived through it, is conceded. But if

McGowan *v.* Smith.

it was merely an outstanding mortgage with the mortgagee or his assigns in possession, it would defeat the plaintiff's action.

III. The fact that the mortgage was not executed to the same parties who conveyed the premises makes no difference, if it was for a part of the purchase money of the premises purchased. (4 *Kent's Com.* 38, .39. *Kittle* v. *Van Dyck, et. al.* 1 *Sand. Ch.* 76.)

IV. All the proof in the case goes to show that the *receipt* of the deed by McGowan and the delivery of the mortgage to secure a part of the purchase money were simultaneous acts, bringing the case completely within the statute. *If* there is any question about *that*, that is, as to the time of the delivery of the papers, then it was error in the judge to direct a verdict for the plaintiff. He should have submitted that question to the jury, as we insisted that he should. (4 *Mass. R.* 566, *above.*)

*By the Court*, E. DARWIN SMITH, J. The plaintiff, as widow of Andrew McGowan, was clearly entitled to dower in the premises in question, unless she is cut off by the foreclosure of the mortgage executed by McGowan to Charles and Thomas Brady. McGowan was seised of the premises in his lifetime, and went into possession and occupied the same for some time. The plaintiff not having been made a party to the suit for the foreclosure of said mortgage is clearly not cut off from her dower in said land unless the mortgage is to be deemed a mortgage given for the purchase money, under the statute, which (§ 5, *ch.* 1, *part 2, of the revised statutes*) is as follows: " When a husband shall purchase land during coverture and shall at the same time mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands, as against the mortgagee, or those claiming under him, although she shall not have united in such mortgage; but she shall be entitled to dower as against all other persons." The mortgage under which the defendant holds title

must, I think, very clearly be considered as executed at the *same time* with the deed under which the plaintiff's husband took title, within the spirit and intent of this statute. The mortgagees, the Bradys, having a contract from the land office of the Pultney estate for the purchase of the lot in question upon which they had paid part of the purchase money, agreed by contract in writing, dated September the 27th, 1828, to sell and convey said lot to McGowan by deed on or before the 1st of January then next, McGowan to pay therefor $610 at the time of the execution of the deed, and give a bond at the same time to pay $365 in seven annual payments from the said 1st of January, with a mortgage on said land as security for said bond. The deed, it appears, was made out and dated December 29, 1828, was acknowledged by the agent of Cathcart and Ure, at Geneva, December 29, 1828, and by James S. Wadsworth, the other grantor, at Geneseo, December, 31, was put on record at Rochester, January 2, 1829, at 9 o'clock A. M., and the mortgage, dated the same day, January 2, was acknowledged the same day and put on record at 10 o'clock A. M. of the same day. It is quite apparent that the giving of this deed and the taking back of the mortgage was in fact one transaction. Mr. Hills, the attorney for the parties, testified that he had to send to Geneva for the execution of the deed, and then it had to be sent to Geneseo, 25 miles south of Rochester, for execution by Mr. Wadsworth, when the business was transacted. The delivery of the deed and of the mortgage were no doubt contemporaneous acts. Both were performed in the execution of the contract of the 28th of September, 1828. Mr. Hills testified that the Bradys were to give title in some way and take a mortgage for part or the whole of the purchase money, and the business was done in his office. The jury, if the case had been submitted to them, would have been bound to find that the deed and mortgage were in fact executed at the same time. The execution of the deed was not completed till its delivery which could not have taken place sooner than the 2d day of

January, 1828. The fact that the deed came from Cathcart and Ure and Wadsworth to McGowan, and not from the Bradys does not affect the question. The mortgage given by him to the Bradys was nevertheless a mortgage given for the purchase money of said land. There are some exceptions in the case, but they were not pressed on the argument, and I understood them to be waived. Judgment should be given, therefore, for the defendants, upon the verdict.

[MONROE GENERAL TERM, September 5, 1865. *Johnson, James C. Smith* and *E. Darwin Smith,* Justices.]