## E. WILLARD BOIES, Respondent, *v.* SARAH BENHAM, Impleaded, etc., Appellant.

Plaintiff contracted to sell defendant G. certain premises for $1,800. It was agreed between them and defendant B. that the latter should loan to G. $1,000, to be paid on the contract, G. to execute to plaintiff a mortgage on the premises for $800, the balance of the purchase-money, and to B. a mortgage for the $1,000 loaned, and that the deed and

mortgages should be recorded at the same time. This agreement was carried out and plaintiff received the $1,000 from B. In an action to foreclose plaintiff's mortgage the referee found that plaintiff neither parted nor intended to part with his equitable lien, and he refused to find that it was agreed that the mortgages should be concurrent liens. *Held* (Follett, Ch. J., dissenting), that plaintiff had an equitable lien for the purchase-money unpaid until the substitution therefor of the legal lien of his mortgage deed, and so, the continuity of the lien was not broken, but merely changed in character, and this lien had priority over that of B.'s mortgage; that while plaintiff might have waived his prior lien or estopped himself from asserting it, the question as to whether he had so done was one of fact upon which the determination of the referee was conclusive; that the agreement that the papers should be recorded at the same time did not, as matter of law, place the liens of the two mortgages on an equality.

*Potter* v. *Crandall* (Clarke, 120), distinguished.

Reported below, 53 Hun, 236.

(Argued June 12, 1891; decided October 13, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 6, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The plaintiff, by contract with Purple Gardner, agreed to sell and convey to the latter certain premises in Schoharie county for $1,800. Afterwards, on March 11, 1884, the plaintiff received $1,000, made deed of conveyance to Gardner and took from him his bond for $800, the balance of the purchase-money, secured by mortgage on the premises. This action was brought to foreclose that mortgage. The defendant Benham held a mortgage made to her upon the land to secure the payment of $1,000. The plaintiff alleged that the lien of the Benham mortgage was subsequent to that of his mortgage. This she denied and alleged that the lien of hers was synchronous with that of the plaintiff's mortgage. The referee determined that issue against her, and by his report found that the two bonds and mortgages were made at the same time by Gardner, who then in the presence of the plaintiff borrowed of Benham the $1,000; that the two mortgages were recorded at the same time; that the plaintiff neither parted or intended to part

with his equitable lien, and that the lien of his mortgage was prior to that of the defendant Benham. And upon the request of the defendant the referee further found that before the conveyance was made it was agreed between the plaintiff, Gardner and Benham that Gardner was to execute to her a mortgage on the premises for $1,000, and this money to be paid by Benham directly to the plaintiff; that Gardner was also to execute to the plaintiff another mortgage on the premises for $800 ; that the deed and the two mortgages should be recorded at the same time, and that according to the agreement the deed and mortgages were executed and delivered at the same time as part of the same and one transaction, and the payment was made by Benham directly to the plaintiff. The referee refused to find that the two mortgages were equal liens, and the defendant Benham excepted.

*E. Countryman* for appellant. The equitable lien of the plaintiff, as grantor for the purchase-money, was waived at the time he gave the conveyance to the purchaser. (*Gaylord* v. *Knapp*, 15 Hun, 87 ; *Fish* v. *Howland*, 1 Paige, 20 ; *Shirley Case*, 2 Edw. Ch. 505 ; *Stuart* v. *Harrison*, 52 Iowa, 511 ; *Escher* v. *Simmons*, 54 id. 269 ; *Young* v. *Wood*, 11 B. Monroe, 123 ; *Richards* v. *McPherson*, 74 Ind. 159 ; *Little* v. *Brown*, 2 Leigh, 353 ; *Wells* v. *Harter*, 56 Cal. 342 ; *Nairn* v. *Prowse*, 6 Ves. 752 ; *Vail* v. *Foster*, 4 N. Y. 312 ; *Gilmore* v. *Brown*, 1 Mason C. C. R. 191 ; 4 Wheat. 255.) The equit-able lien being waived, the parties must stand upon an equal footing, if such was their real intention, as ascertained from the facts found by the trial court. That such was their intention is evident from the terms of their agreement. (*Dryden* v. *Frost*, 3 M. & C. 670 ; *McGovern* v. *Smith*, 44 Barb. 232, 239 ; *Nichols* v. *Glover*, 41 Ind. 25 ; *Mitchell* v. *Butt*, 45 Ga. 162 ; *Hamilton* v. *Gilbert*, 2 Heisk. 680 ; *Latham* v. *Staples*, 46 Ala. 462 ; *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76, 81 ; *Jackson* v. *Austin*, 15 Johns. 477, 478 ; *Cunningham* v. *Knight*, 1 Barb. 399 ; *Clark* v. *Munroe*, 14 Mass. 351 ; *Fisk* v. *Potter*, 2 Abb. Ct. App. Dec. 140 ; *Balkum* v. *Owens*, 47 Ala. 266.)

Both mortgages having been delivered and recorded concurrently, no question arises under the recording acts. (*Green* v. *Warnick*, 64 N. Y. 220.) The plaintiff was not entitled to a foreclosure cutting off the Benham mortgage as a subsequent incumbrance. (*Potter* v. *Crandall*, Clark's Ch. 120.) If some of the findings of fact are more favorable to the appellant than others, she has the right on this appeal to claim the benefit of those which are most favorable to her. (*Conselyea* v. *Blanchard*, 103 N. Y. 231; *Redfield Case*, 110 id. 671.)

*G. M. Palmer* for respondent. There can be no review in this court of the questions of fact depending upon conflicting evidence. (Code Civ. Pro. § 1337; *In re Ross*, 87 N. Y. 514; *Davis* v. *Clark*, Id. 623; *Hynes* v. *McDermott*, 91 id. 451; *People ex rel.* v. *French*, 92 id. 306.) If there is any evidence to sustain the findings of fact, they are conclusive in this court. (*Van Gelder* v. *Van Gelder*, 77 id. 446; *Derham* v. *Lee*, 87 id. 599, 605; *Raux* v. *Brand*, 90 id. 309, 312; *Caswell* v. *Davis*, 58 id. 223.) The referee finds that the two mortgages were not to be equal liens, so even conceding that it was agreed that the mortgages should be recorded at the same time, yet that fact does not make the mortgages of equal lien. While the Benham mortgage might be considered a purchase-money mortgage, as against a previous judgment creditor of Purple Gardner, the mortgagor, or to such an extent as to cut off the dower of the wife of Purple Gardner, it cannot cut off, or stand equal with, the equitable lien of this plaintiff for his $800, the referee having found as a question of fact, that by the sale plaintiff was entitled to a lien for the unpaid purchase-money, that he did not intend to waive or part with that lien, and that his mortgage was entitled to priority. (*Jackson* v. *Austin*, 15 Johns. 477.) The giving of the deed by plaintiff to Gardner and taking the $800 mortgage back was an indivisible transaction. No mortgage or other lien could come in between them. Plaintiff did not part with his equitable interest of $800 in the property, but still owned it; he had only conveyed a $1,000 interest. (*Dusen-*

*bury* v. *Hulbert*, 59 N. Y. 541, 544, 545 ; *French* v. *Leroy*, 15 Wkly. Dig. 269 ; *G. S. Co.* v. *Whitier*, 69 N. Y. 337 ; *Ellis* v. *Harman*, 90 id. 466, 472 ; *Jackson* v. *McKenney*, 3 Wend. 235 ; *Stow* v. *Tifft*, 15 Johns. 463 ; *Holbrook* v. *Finney*, 4 Mass. 569 ; *Ransom* v. *Lampman*, 5 N. Y. 456, 461.) The plaintiff's mortgage attached to the whole estate, while defendant Benham's mortgage only to the interest which Purple Gardner had, which was the title to the property subject to plaintiff's mortgage. (*Dusenbury* v. *Hulbert*, 59 N. Y. 547.)

BRADLEY, J. The plaintiff had an equitable lien for the purchase-money unpaid until the substitution for it of the legal lien of the mortgage taken by him to secure the payment of the balance of the purchase-money. (*Fish* v. *Howland*, 1 Paige, 20 ; *Payne* v. *Wilson*, 74 N. Y. 348.) And the conveyance having been made and the mortgage taken by him in the same transaction, the former will be deemed made subject to the latter, and in practical effect the grantee took by the deed the equity of redemption only. (*Stow* v. *Tifft*, 15 Johns. 458 ; *Jackson ex dem.* v. *McKenny*, 3 Wend. 233 ; *Rawson* v. *Lampman*, 5 N. Y. 456 ; *Dusenbury* v. *Hulbert*, 59 id. 541 ; *Coutant* v. *Servoss*, 3 Barb. 128.) And subject to a mortgage made at the time of conveyance, by the grantee to a third person who advances the purchase-money, are dower (although the mortgage is made by the husband alone) and previous judgments against him. (1 R. S. 740, § 5 ; Id. 749, § 5 ; Code, § 1254 ; *Jackson* v. *Austin*, 15 Johns. 477 ; *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76 ; *Cunningham* v. *Knight*, 1 Barb. 399 ; *Clark* v. *Munroe*, 14 Mass. 351.)

But by reason of the pre-existing equitable lien of the vendor and grantor, which continues until the substitution for it of the legal lien of the mortgage to secure the unpaid purchase-money, the mortgage so taken by him has priority over that of such third person taken at the same time from the grantee. (*Clark* v. *Brown*, 3 Allen, 509 ; *Turk* v. *Funk*, 68 Mo. 18 ; 30 Am. R. 771 ; *Appeals of Williamsport Nat. Bank*, 91 Penn. St. 163.) As to the former, the continuity

of the lien is not broken, but merely changed in character from an equitable to a legal one perfected by the mortgage to him for the balance of the purchase-money. (*Stafford* v. *Van Rensselaer, infra ; Payne* v. *Wilson, supra.*) And this is not dependent on the statute. It is unnecessary to inquire whether any different question may have arisen in the present case if no equitable title in the vendee, and no equitable lien of the vendor had preceded the time of the execution and delivery of the deed and mortgage.

A grantor may, however, by agreement waive such prior right or estop himself from asserting it, and thus subject the lien of his to the preference of that taken by another at the same time on the property, or place it on an equal footing with it.

The question at the trial was whether that was done in the present caᵤe. Such may have been the intention of the parties ; and it may be that the evidence would have warranted that finding by the referee. But the facts found by him did not require such conclusion. While there was evidence on the part of the defendant tending to prove that such was the purpose of the parties at the time of the transaction, that of the plaintiff was to the contrary. The evidence and the inferences derivable from it presented in that respect a question of fact for the referee, whose determination must here be deemed conclusive upon that issue.

The understanding of the parties as found, that the deed and mortgages were to be, and accordingly were, made and recorded at the same time, did not necessarily, and as a matter of law, place the lien of the two mortgages on an equality, as would have been the case if neither of the mortgagees had been the vendor and grantor of the premises. Upon the facts so found he did not necessarily waive any rights which the relation of the vendor and grantor gave him. The inquiry as to the purpose of the understanding that the mortgages should be made and recorded at the same time was for the consideration of the referee upon the evidence, and whether it was intended to confer greater rights upon the defendant Benham

than would arise from the mere fact that they were so made and recorded was for him to determine. He found that the plaintiff did not waive or intend to waive his equitable lien. By this he meant to be understood that the plaintiff neither waived, or intended to waive, or surrender any of the rights which the equitable lien, existing in his favor up to the time of taking his mortgage, afforded him. This was the right of preference of his lien, presumptively arising from his equitable lien merged in the legal lien of his mortgage. (*Stafford* v. *Van Rensselaer*, 9 Cow. 316.) The defendant's lien, having been founded upon the security given for that amount of the purchase-money advanced by her for the grantee, was secondary only to that of the plaintiff's mortgage.

In *Potter* v. *Crandall* (Clarke, 120) all the mortgagees were grantors of the premises, and in that respect their rights, and, consequently, as between themselves, the liens of the mortgages stood on equality. In the case at bar the defendant's claim rests upon an alleged agreement with the plaintiff to place her mortgage in such relation with that of the plaintiff. As that position is not supported by the findings of the referee the liens of the two mortgages must here be treated as having the relation in which the law placed them. While it is true, as suggested, that the defendant is entitled to the benefit of the findings of the referee most favorable to her, if there is any material conflict between them, there is no inconsistency in the findings for the application of that rule to substantially aid the defendant. (*Kelly* v. *Leggett*, 122 N. Y. 633.)

The judgment should be affirmed.


Follett, Ch. J. (dissenting). Since 1805 the statutes of this state have provided that the lien of a mortgage given on land to secure the payment of its purchase-price is superior to the lien of a prior judgment against the grantee. (Chap. 99, L. 1805; 1 R. L. 714, § 15; 1 R. S. 749, § 5; Code C. P. § 1254.) Since 1828 the statutes have provided that the lien of a mortgage in which the wife does not join, given on land purchased during coverture, to secure the payment of its

purchase-price, is superior to the claim of the widow of the mortgagor to dower in the premises. (1 R. S. 740, § 5.) It has been frequently held under these statutes that a mortgage executed by a grantee simultaneously with his grant, on the subject of the grant, to a person other than the grantor, to secure the payment of money loaned with which to pay the purchase-price, and which is so applied, is entitled to the same priority over a prior judgment, and also over the widow of the mortgagor as a mortgage to secure the purchase-price executed by a grantee to the grantor. (*Jackson* v. *Austin*, 15 John. 477; *Haywood* v. *Nooney*, 3 Barb. 643; *Ray* v. *Adams*, 4 Hun, 332; *Stow* v. *Tifft*, 15 John. 458; *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76; *McGowan* v. *Smith*, 44 Barb. 232; 4 Kent's Com. 39; 2 Pom. Eq. Juris. § 725; 1 Jones Mort. § 464.) In Massachusetts, where there is no such statute, a mortgage taken by a third person to secure the payment of money loaned and applied to the payment of the purchase-price of the mortgaged property, has the same priority over the widow's right of dower as though the mortgage had been given directly to the grantor. (*Clark* v. *Munroe*, 14 Mass. 351.) The statutes cited do not in terms include nor exclude mortgages taken by third persons, and the cases referred to rest upon the theory that a person advancing money to pay the purchase-price of land, and which is so applied, has the same equity, and is entitled to the same security as the grantor has under a mortgage to him for the payment of the purchase-money. The plaintiff in this action (who was the grantor), by extending the time for the payment of part of the purchase-money and taking a mortgage therefor with knowledge that the remainder of the purchase-price was to be raised by a mortgage to Mrs. Benham, exchanged his equitable lien for a legal one. (*Payne* v. *Wilson*, 74 N. Y. 348; *Fish* v. *Howland*, 1 Paige, 20; *Bond* v. *Kent*, 2 Vern. 280; *Capper* v. *Spottiswoode*, Taml. 21; *Young* v. *Wood*, 11 B. Mon. 123; *Camden* v. *Vail*, 23 Cal. 634; *Mackreth* v. *Symmons*, 15 Ves. 329; *S. C.*, 1 Wh. & T. [L. C.] 289.)

The referee found that it was agreed between Boies, the

grantor, Gardner, the grantee, and Mrs. Benham, that the deed and both mortgages should be executed, delivered and recorded at the same time, and that pursuant to this agreement, they were so executed, delivered and recorded; but he refused to find whether it was agreed that the mortgages should be concurrent liens, or that one should have priority over the other.

Eighteen hundred dollars was the purchase-price of the land; the payment of $800 was secured by the mortgage to the plaintiff, and the remainder, $1,000, was paid to him in cash furnished by Mrs. Benham, the payment of which was secured by her mortgage; and in the absence of an agreement to the contrary, she stands in his shoes as to this sum, her equity being equal to his in every respect. I am unable to see how the plaintiff, with Mrs. Benham's money in his pocket, obtained in this way by his concurrence, can be said to have an equity superior to hers.

Under the decisions last cited, if Mrs. Benham had loaned Gardner $1,800 for the purpose of paying the whole of the purchase-money to the grantor, and it had been so applied, and she had taken a mortgage for her security on the land, she would have stood in the place of the grantor, and have been entitled to every equity that he would have been entitled to had he taken the mortgage. Instead of advancing the whole purchase-price she advanced but part, and received her mortgage, and why she is not *pro tanto* in the place of the grantor, and invested with all his equities, it is difficult to see.

Had there been an outstanding judgment against Gardner when these mortgages were given, Mrs. Benham's mortgage would have had the same priority over the judgment as the plaintiff's mortgage, and in case of Gardner's death, her mortgage would be prior to the claim of his widow to dower in the mortgaged premises, the same as the plaintiff's mortgage.

In *Clark* v. *Brown* (3 Allen, 509), two mortgages were executed on the same day and recorded at the same time. One was to secure the payment of part of the purchase-price of the mortgaged land, but the other does not appear to have been to secure money applied in payment of the remainder of

the purchase-money. The mortgage for the purchase-money was held the prior lien.

In the case of the *City National Bank* and *York County National Bank* (91 Penn. St. 163), land was contracted to be sold by Hall to Nichols, who afterwards contracted to sell it to Potter and Wonderly for $40,000. At this time there was due Hall from Nichols $16,000 on contract. Hall conveyed the land to Potter and Wonderly, receiving from them their bonds for $16,000 due him, secured by a mortgage on the property. On the same day Potter and Wonderly gave to Nichols bonds for $24,000, secured by a mortgage on the premises. The deed and mortgages were executed and recorded on the same day. It was asserted that the mortgages were concurrent liens, but it was held that the one to Hall was prior, because given to him in payment of the purchase-price. He had a clear equity against Nichols and his assignee, because Nichols owed him the $16,000, the purchase-price of the land, which he was bound to pay before he could acquire title, or before he could become entitled to his profit of $24,000 arising from his sale to P. & W., to secure which he received his mortgage. As was said by the court in discussing this question : " Thus, substantially and in effect, the mortgage to Hall was for the purchase-money due him on his legal title, and the mortgage to Nichols was for the value of his equitable interest in the land. * * * Nichols could not assert any equity to defeat the superior right of the mortgage given to Hall."

In *Turk* v. *Funk* (68 Mo. 18), the plaintiff sold land to the defendant by an executory contract for $2,200, of which $500 was to be paid on the execution of the deed and the remainder, $1,700, was to be secured to be paid by a mortgage on the premises. The purchaser, before receiving his deed, borrowed $500 of a third person, to secure the payment of which a mortgage was given and placed on record. Subsequently the $500 was applied in payment of part of the purchase-price, a deed was given and a purchase-money mortgage to secure the $1,700 was executed.. It was held that the mortgage for $1,700 was prior to the one for $500 upon the ground that the mort-

gagor when he executed the mortgage for $500 had no title to the land and could only give a lien upon his then existing interest in it. The grantor did not know of the execution of the mortgage to the third person until after he had conveyed and recorded his mortgage.

The three cases last cited do not seem to me decisive of the one at bar, nor are they nearly related to it.

It is not asserted, and under the facts found it cannot be successfully maintained, that the holder of either mortgage had acquired a legal preference over the other. Under the decisions, which rest upon the principles of natural equity, the equities of these mortgagees are equal, each holding a security for the payment of parts of the purchase-price of the mortgaged premises. In *Granger* v. *Crouch* (86 N. Y. 494), two mortgages were given by the grantee to the grantor to secure the payment of part of the purchase-price of the mortgaged land. Both were executed and recorded at the same time. One, the smallest, and the first to fall due, was assigned and the assignee claimed priority. It was held that both being given for the purchase-price the equities were equal, and that in the absence of an agreement that one should have priority over the other, they were concurrent liens. The presumption being that the mortgages in the case at bar were concurrent liens, the burden of establishing that one was prior to the other rested on the party alleging it, and the referee having failed to find an agreement that the plaintiff's mortgage was to be prior to Mrs. Benham's, he cannot sustain this judgment. On a retrial it will undoubtedly be determined whether it was agreed that either mortgage, and if so, which was to have priority. The parties have the right to have this issue determined.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur with Bradley, J., except Follett, Ch. J., dissenting.

Judgment affirmed.