■ CITIBANK, N. A., Appellant, v RICARDO RESTREPO et al., Defendants, and DUPONT EQUITY CORP., Respondent. [641 NYS2d 120] —In an action, inter alia, to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated October 3, 1994, as denied its motion for partial summary judg-

ment declaring the priority of its mortgage and granted the cross motion of the defendant Dupont Equity Corp. for partial summary judgment declaring the priority of its mortgage.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the cross motion of the defendant Dupont Equity Corp. and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

This appeal concerns the priority of two competing mortgages. The plaintiff, Citibank, N. A. (hereinafter Citibank), and the defendant Dupont Equity Corp. (hereinafter Dupont) each possess a purchase-money mortgage on the same property. Dupont received its mortgage by assignment from the vendor of the property. Citibank and Dupont each moved for summary judgment on the issue of priority. The Supreme Court declared Dupont's mortgage to have priority. However, we find that issues of fact preclude the granting of summary judgment to either party.

In general, a party that takes a mortgage with notice of another mortgage, takes subject to the prior mortgage (*see, Constant v University of Rochester,* 111 NY 604; 3A Warren's Weed, New York Real Property, Mortgages, § 8.01 [4] [a]). The rationale underlying this general rule is that taking a mortgage on a property already known to be encumbered is a fraud upon the prior mortgagee (*see, Williamson v Brown,* 15 NY 354). Here, although the mortgages were both executed on the same day, allegedly at the closing, neither party has submitted competent evidence sufficient to determine as a matter of law, whether the mortgages were executed simultaneously. Further, although Dupont, as the assignee of the vendor of the property, had actual notice of Citibank's mortgage, it is unclear whether Citibank had or should have had notice of Dupont's interest. Moreover, these issues may not be resolved by reference to the rules concerning purchase money mortgages.

Dupont asserts that, as between a purchase money mortgage and a vendor's purchase-money mortgage, the latter is given priority (*see, Boies v Benham,* 127 NY 620; *Giragosian v Clement,* 199 AD2d 656; 3A Warren's Weed, New York Real Property, Mortgages, § 8.04 [2] [4th ed]). Thus, Dupont argues, as the holder of a vendor purchase-money mortgage, it has priority over Citibank. However, a purchase-money mortgage is generally defined as " 'a mortgage executed at the time of purchase of the land and contemporaneously with the acquisition of the legal title, or afterward, but as part of the same

transaction, to secure an unpaid balance of the purchase price' " (*Szerdahelyi v Harris,* 67 NY2d 42, 46, quoting 38 NY Jur, Mortgages and Deeds of Trust, § 7, at 25). Here, there is a question of fact as to whether Dupont's mortgage was executed contemporaneously with or as part of the same transaction in which the vendee acquired legal title. Moreover, it cannot be determined from the record what effect, if any, is to be given to Citibank's allegation, if proven, that Dupont failed to disclose or concealed its interest. Accordingly, summary judgment to either party is not warranted. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.