**In re Maggie L. BARNES, Debtor.**

**Bankruptcy No. 96–11536 B.**

United States Bankruptcy Court, W.D. New York.

July 30, 1996.

Brendan C. Hand, Buffalo, New York, for Debtor.

Richard I. Leff, Buffalo, New York, for United Companies Lending Corporation.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 13 proceeding, the debtor seeks to confirm a plan which proposes to treat as unsecured claims two junior mortgages which would otherwise encumber her residence. Because this court believes that the Supreme Court's decision in *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) prohibits such a "strip down" of liens, the debtor's motion to confirm her proposed plan must be denied.

Maggie Barnes, the debtor herein, is the owner of her residence at 55 Lang Avenue in the City of Buffalo. After an evidentiary hearing, this Court found that the property has a present fair market value of $29,900. Encumbering this value are three residential mortgages: the first lien of the Manufacturers and Traders Trust Company in the amount of $29,951.99; a second lien of United Companies Lending Corporation in the approximate amount of $9,000; and the third lien of The Money Store in the approximate amount of $5,400. Arguing that the first mortgage secures an indebtedness that is greater than the value of the property, the debtor urges that the claims of the second and third mortgagees should be treated as fully unsecured, pursuant to application of section 506(a) of the Bankruptcy Code.

Section 506(a) declares that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." Were this the only statute of relevance, the claims of United Companies Lending Corporation and The Money Store would be deemed fully unsecured. Section 1322(b)(2) of the Bankruptcy Code provides, however, that a Chapter 13 plan may "modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." In *Nobelman,*

the Supreme Court addressed the question "whether § 1322(b)(2) prohibits a Chapter 13 debtor from relying on § 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." 508 U.S. at 325, 113 S.Ct. at 2108. It concluded that such a lien "strip down" was not available with respect to property occupied as the debtor's principal residence.

The debtor contends that *Nobelman* should be applied to protect only those mortgages which are "undersecured" and not those which are totally unsecured under section 506(a). This argument, however, overlooks the reasoning of Justice Thomas, that section 1322(b)(2) focuses upon "rights" rather than claims. As in *Nobelman,* by reason of their mortgage contracts, United Companies Lending Corporation and The Money Store are each "indisputably the holder of a claim secured by a lien on petitioners' home." 508 U.S. at 328, 113 S.Ct. at 2109. Although section 506(a) may still operate to determine the unsecured component of the claim, "that determination does not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim." 508 U.S. at 329, 113 S.Ct. at 2110.

The facts of the present case serve to highlight the inherently arbitrary character of the debtor's position. The testimony established that a fair market value for the debtor's residence was approximately $29,900. This sum is only $51.99 less than the claim of the first mortgagee. If the property's value were only $52 greater than that which this Court has set, the second mortgage of United Companies Lending Corporation would be partially secured in the amount of one cent. In such an instance, under the debtor's own reasoning, the second mortgage would be totally unassailable. At best, appraisals of real property provide only a reasonable approximation of value. Nor does the careful reasoning of any court assure a greater degree of reliability for a value determination. It would be unreasonable, therefore, to allow secured rights to depend upon such insignificant fluctuations of estimated values, which in this instance would

amount to less than two-tenths of one per-cent of the adopted value.

This Court fully adopts the reasoning and analysis of my colleague, the Honorable John C. Ninfo II, in his recent decision in *In re Neverla,* 194 B.R. 547 (Bankr.W.D.N.Y.1996). As stated by Judge Ninfo, "The *Nobelman* decision requires a functional reading of Section 1322(b) and the conclusion that its protection is afforded to all properly perfected holders of Homestead Mortgages." 194 B.R. at 550. Accordingly, the debtor's motion to confirm her Chapter 13 plan is denied.

So ordered.