252 F.3d 122 (2nd Cir. 2001)
 IN RE: RICHARD J. POND AND LORRIE A. POND, DEBTORS.
RICHARD J. POND AND LORRIE A. POND, PLAINTIFFS-APPELLEES,
v.
FARM SPECIALIST REALTY AND CHARLES LIVINGSTON, JR., ESQ., DEFENDANTS-APPELLANTS,
NATIONAL HOME EQUITY MORTGAGE ASSOCIATION, AMICUS CURIAE.
 Docket No. 00-5022
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Submitted: April 30, 2001
Decided May 31, 2001
 
 1
 Plaintiffs, as Chapter 13 debtors, brought this action to void defendants' lien on their residential property under Section 1322(b)(2) of the Bankruptcy Code, 11 U.S.C. § 1322(b)(2), which permits a Chapter 13 plan to modify the rights of holders of a secured claim provided that the claim is not secured solely by the debtor's principal residential property. The United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge) held that plaintiffs could void defendants' lien because the lien was wholly unsecured under 11 U.S.C. § 506 and, therefore, was not "secured" by a residential property within the meaning of Section 1322(b)(2).
 
 
 2
 Affirmed.
 
 
 3
 Anthony Inserra, Watertown, N.Y., for Defendants-Appellants.
 
 
 4
 Rudolph J. Meola, Miller & Meola, P.C., Albany, N.Y., for Amicus Curiae.
 
 
 5
 Before: Newman and Cabranes, Circuit Judges, and Thompson, District Judge.*
 
 Jose A. Cabranes, Circuit Judge
 
 6
 We are asked to decide whether, under 11 U.S.C. § 1322(b)(2), Chapter 13 debtors can void a lien on their residential property if there is insufficient equity in the residence to cover any portion of that lien.
 
 
 7
 Plaintiffs, as Chapter 13 debtors, brought this action to void defendants' lien on their residential property under Section 1322(b)(2) of the Bankruptcy Code, 11 U.S.C. § 1322(b)(2), which permits a Chapter 13 plan to modify the rights of holders of a secured claim provided that the claim is not secured solely by the debtor's principal residential property. The United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge) held that plaintiffs could void defendants' lien because the lien was wholly unsecured under 11 U.S.C. § 506 and, therefore, was not "secured" by a residential property within the meaning of Section 1322(b)(2). For the reasons stated below, we affirm.
 
 I. Background
 
 8
 The following facts are undisputed. Defendants Charles Livingston, Jr. and Farm Specialist Realty hold a valid, duly recorded, mortgage lien for $10,630.58 on the principal residential property of plaintiffs Richard J. Pond and Lorrie A. Pond. On January 1, 1996, plaintiffs filed for bankruptcy under Chapter 13 of the Bankruptcy Code.
 
 
 9
 At a hearing held on February 3, 1997, the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr., Bankruptcy Judge) valued plaintiffs' residential property at $69,000. In addition, the Bankruptcy Court determined that there were four liens on the property, which had to be discharged in the following order of priority: (1) $1,505.18 for real property taxes; (2) $48,995.63 for the mortgage of the Farmers Home Administration;[1] (3) $20,000 for the mortgage of the New York State Affordable Housing Corporation; and (4) $10,630.58 for defendants' mortgage. The first three liens amounted to an encumbrance of $70,500.81; accordingly, plaintiffs' property, valued at $69,000, had insufficient equity to cover any portion of defendants' lien.
 
 
 10
 In August 1996, plaintiffs commenced this action to dissolve defendants' lien under 11 U.S.C. § 1322(b)(2).[2] Plaintiffs argued that defendants' lien was wholly unsecured under 11 U.S.C. § 506[3] and, therefore, not entitled to the protection against modification under 11 U.S.C. § 1322(b)(2) accorded to claims "secured" solely by a debtor's principal residence. The Bankruptcy Court rejected this argument. See Pond v. Farm Specialist Realty (In re Pond), Nos. 96-10015, 96-91213, 1998 WL 357149 (Bankr. N.D.N.Y. Jan. 29, 1998). It held that defendants' lien could not be modified because, even though there was insufficient equity to cover any portion of the lien, the underlying security interest was plaintiffs' principal residential property, and, therefore, the lien was protected from modification under 11 U.S.C. § 1322(b)(2). See id. at *2-*3.
 
 
 11
 The United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge) reversed. See Pond v. Farm Specialist Realty (In re Pond), 250 B.R. 8 (N.D.N.Y. 2000). It held that the statutory prohibition against modification does not apply to a holder of a wholly unsecured lien under 11 U.S.C. § 506, because such a lien is not "secured" by a residential property within the meaning of 11 U.S.C. § 1322(b)(2). According to the District Court, defendants' lien was wholly "unsecured" under 11 U.S.C. § 506(a) because there was no equity in plaintiffs' property to cover the lien; therefore, the lien was not protected under the antimodification exception of 11 U.S.C. § 1322(b)(2) and could be voided.
 
 
 12
 Defendants challenge this holding on appeal.
 
 II. Discussion
 
 13
 This appeal involves the interaction of two provisions of the Bankruptcy Code-Section 506(a) and Section 1322(b)(2). The first of these provisions defines the secured and unsecured components of a creditor's allowed claim according to the value of the underlying collateral:
 
 
 14
 An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest... is less than the amount of such allowed claim.
 
 
 15
 11 U.S.C. § 506(a).
 
 
 16
 The second provision-Section 1322(b)(2)-permits a Chapter 13 debtor's plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." 11 U.S.C. § 1322(b)(2) (emphasis added).[4]
 
 
 17
 The question presented here is whether defendants' lien falls within the antimodification exception of Section 1322(b)(2) for claims "secured only by a security interest in... the debtor's principal residence," because it is wholly "unsecured" under Section 506(a).
 
 
 18
 The Supreme Court considered a similar issue in Nobelman v. American Savings Bank, 508 U.S. 324 (1993). In that case, a Chapter 13 debtor sought to bifurcate a creditor's undersecured residential mortgage lien into a secured lien and an unsecured lien, so that only the secured portion of the mortgage was protected under the antimodification exception of Section 1322(b)(2). Specifically, the debtors' principal residence was valued at $23,500, and the lien at issue was for $71,335. See id. at 326. The debtors sought to separate this lien under Section 506(a) into a secured claim of $23,500 and an unsecured claim of $47,835, and then void the unsecured claim under Section 1322(b)(2) as a claim not "secured" by their principal residence. The Supreme Court rejected the proposal. The Court held that, as long as some portion of the lien was secured by the residence, the creditor was a holder of "a claim secured only by... the debtor's principal residence," and its rights in the entire lien were protected under the antimodification exception. See id. at 328-31. Accordingly, the debtors' Chapter 13 plan could not void the unsecured component of the creditor's mortgage lien.
 
 
 19
 The Nobelman Court, however, left open the issue before us-namely, whether its holding extends to a holder of a wholly unsecured homestead lien. This issue has sharply divided bankruptcy and district courts, as well as bankruptcy scholars. See McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606, 610 nn.2-3 (3d Cir.) (collecting cases), cert. denied, 121 S. Ct. 66 (2000); Domestic Bank v. Mann (In re Mann), 249 B.R. 831, 834 n.6, 835 n.8, 836 n.9 (B.A.P. 1st Cir. 2000) (collecting treatises and cases).
 
 
 20
 The majority view, which the District Court in the instant case adopted, is that the antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of a creditor's claim. The courts that have espoused this position note, inter alia, that the Supreme Court in Nobelman first looked to Section 506(a) to determine whether any part of the creditor's claim was secured. Once the Court determined that the creditor's claim was at least partially secured under this provision, it held that the antimodification exception of Section 1322(b)(2) protected the creditor's rights in the entire claim. According to the majority view, therefore, the antimodification exception applies only where a creditor's claim is at least partially secured under Section 506(a).
 
 
 21
 A sizeable minority of courts, however, interprets Nobelman differently. According to these courts, Nobelman stands for the proposition that the value of the collateral underlying a lien is irrelevant to whether that lien is modifiable by a Chapter 13 plan. Under this view, as long as the collateral underlying a lien is the debtor's principal residential property, the lien cannot be voided under Section 1322(b)(2) because to do so would modify the "rights of holders of... a claim secured only by a security interest in... the debtor's principal residence," 11 U.S.C. § 1322(b)(2).
 
 
 22
 Upon a review of the relevant statutory language, as well as the Supreme Court's decision in Nobelman, we agree with the majority view on this issue and therefore adopt it here. In Nobelman, the Supreme Court began its analysis by noting that it is "correct [to] look[ ] to § 506(a) for a judicial valuation of the collateral to determine the status of [a creditor]'s secured claim." Nobelman, 508 U.S. at 328. The Court then noted that the creditor in that case was a "'holder' of a'secured claim,' because [the debtors'] home retain[ed] $23,500 of value as collateral." Id. at 329 (emphasis added). We conclude from this language, as well as the language of the statute, that the antimodification exception of Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value-after accounting for other encumbrances that have priority over the lien-so that the lien is at least partially secured under Section 506(a). We therefore join the Third, Fifth, and Eleventh Circuits, as well as the Bankruptcy Appellate Panels of the First and Ninth Circuits, in holding that a wholly unsecured claim, as defined under Section 506(a), is not protected under the antimodification exception of Section 1322(b)(2). See McDonald, 205 F.3d at 611; Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277 (5th Cir. 2000); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357 (11th Cir. 2000); Domestic Bank, 249 B.R. at 838; Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (B.A.P. 9th Cir. 1997), appeal dismissed on other grounds, 192 F.3d 1309 (9th Cir. 1999). But cf. American Gen. Finance, Inc. v. Dickerson (In re Dickerson), 222 F.3d 924, 926 (11th Cir. 2000) (explaining that, if the panel were to decide the issue on a clean slate, it would adopt the minority view, but that it was bound by the majority view because the Circuit had already adopted this view).
 
 
 23
 Defendants argue that, even if we were to adopt the majority view on this issue, as we now have, their lien should be protected under the antimodification exception because it is "secured" within the meaning of Section 506(a), which defines a claim as secured "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a) (emphasis added). According to defendants, their lien is "secured" under Section 506(a)-and, therefore, protected under the antimodification exception of Section 1322(b)(2)-because New York law provides lienholders with in rem rights that have "value" over and above the equity in underlying property. See, e.g., King v. Pelkofski, 20 N.Y.2d 326, 333-34 (1967) (holding that a lienholder has a right of equitable subrogation); Howard v. Bellinger, 109 N.Y.S.2d 365, 368-69 (N.Y. Sup. Ct. 1952) (holding that a valid, duly recorded, lien runs with the real property to which it is attached).
 
 
 24
 This argument has been foreclosed by the Supreme Court, which has explained that "[s]ubsection (a) of § 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 239 (1989) (emphasis added); see also Associates Commercial Corp. v. Rash, 520 U.S. 953, 961 (1997) ("The first sentence of § 506(a), in its entirety, tells us that... the secured portion of [a] claim [is] limited to the value of the collateral."). Accordingly, to determine whether a lien is "secured" under Section 506(a), a court must examine the value of the collateral underlying a lien, not the value of the lien itself.[5]
 
 
 25
 In the case at hand, both parties agree that the value of the residential property underlying defendants' lien is insufficient to cover any portion of the lien; as a result, defendants' lien is wholly unsecured under Section 506(a). Because their lien is wholly unsecured, defendants are not "holders of... a claim secured only by a security interest in... the debtor's principal residence," 11 U.S.C. § 1322(b)(2), and their rights in the lien are not protected under the antimodification exception of Section 1322(b)(2). Accordingly, the District Court properly declared that plaintiffs' Chapter 13 plan could void this lien.
 
 III. Conclusion
 In sum, we hold that:
 
 26
 (1) defendants' lien in plaintiffs' residential property is not "secured" under Section 506(a) because there is insufficient equity in the property to cover any portion of that lien;
 
 
 27
 (2) as holders of a wholly unsecured lien under Section 506(a), defendants are not "holders of... a claim secured only by a security interest in... the [plaintiffs'] principal residence," and, therefore, their rights in the lien are not protected under the antimodification exception of 11 U.S.C. § 1322(b)(2); and
 
 
 28
 (3) the Bankruptcy Court should have declared that plaintiffs' Chapter 13 plan could void defendants' lien under 11 U.S.C. § 1322(b)(2).
 
 
 29
 The judgment of the District Court is hereby affirmed.
 
 
 
 NOTES:
 
 
 *
 The Honorable Alvin W. Thompson of the United States District Court for the District of Connecticut, sitting by designation.
 
 
 [1]
 The Bankruptcy Court found that the mortgage lien of Farmers Home Administration was valued at $48,995.63 as of February 11, 1997, and the interest rate was $11.42 per diem. We use the figure of $48,995.63 as the balance on the mortgage because the accruing interest does not affect the merits of this appeal.
 
 
 [2]
 Section 1322(b)(2) provides in relevant part: [A Chapter 13 plan may] modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.... (emphasis added).
 
 
 [3]
 Section 506(a) provides in relevant part: An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,... and is an unsecured claim to the extent that the value of such creditor's interest... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
 
 
 [4]
 The legislative history of Section 1322(b)(2) suggests that Congress sought to protect claims secured by a debtor's principal residence "to encourage the flow of capital into the home lending market." Nobelman v. American Sav. Bank, 508 U.S. 324, 332 (1993) (Stevens, J., concurring).
 
 
 [5]
 The value of a lien could differ from the value of the collateral underlying that lien for a variety of reasons, such as the state-law rights that attach to the lien but not to the collateral, or the costs associated with collecting on the lien.