**In re Scott V. SMITH, Debtor.**

**No. 02–15275 B.**

United States Bankruptcy Court,
W.D. New York.

Jan. 31, 2003.

Peter D. Grubea, Esq., Buffalo, NY, for Debtor.

Mary Jane & Robert G. Zak, Williamsville, NY, Creditors Pro Se.

Albert J. Mogavero, Esq., Buffalo, NY, Chapter 13 Trustee.

**CARL L. BUCKI, Bankruptcy Judge.**

This case illustrates the difference between a true purchase money mortgage that a buyer gives to the seller of real estate and a mortgage given to a third party as collateral for a loan of money that the borrower uses to finance the cost of purchase.

The present motion arises under section 1322(b)(2) of the Bankruptcy Code, which states that a plan in chapter 13 may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...." Previously, this court had interpreted the statute to preclude the avoidance of an inferior mortgage encumbering a principal residence, even when prior liens exceeded the value of the premises. *In re Barnes*, 199 B.R. 256 (Bankr.W.D.N.Y.1996). Then, in May 2001, the Court of Appeals for the Second Circuit issued its decision in *In re Pond*, 252 F.3d 122 (2d Cir.2001). This case held that under 11 U.S.C. § 506(a), a recorded lien on a debtor's residential property is not secured when "there is insufficient equity in the property to cover any portion of that lien." 252 F.3d at 127. When a mortgagee holds a lien that is wholly unsecured under section 506(a), that mortgagee does not hold a claim secured only by a security interest in the debtor's principle residence, and accordingly, its "rights in the lien are not protected under the antimodification exception of 11 U.S.C. § 1322(b)(2)." 252 F.3d at 127. The Circuit Court concluded that under these circumstances, a debtor's plan can void the uncollaterized mortgage.

■ After the Second Circuit decided *In re Pond*, this court began routinely to entertain motions in chapter 13 cases to avoid mortgages on property whose value is totally encumbered by prior liens.[1] As a debtor in chapter 13, Scott V. Smith filed the present motion to avoid the mortgage of Robert and Mary Jane Zak. Although the mortgagees did not respond to the motion, the court nonetheless required proof of an entitlement to the requested relief. At a minimum, such proof must include evidence that the residence's fair market value is less than the outstanding indebtedness that is secured by liens that are superior in priority to any encumbrance that the debtors seek to avoid. Here, because the Zaks hold a first lien that is fully secured, the motion of Scott V. Smith must be denied.

■ Scott V. Smith is the owner of his residence at 383 Englewood Avenue in the Town of Tonawanda, New York. Relying upon the town's tax assessment, the debtor asserts that the property has a full market value of $65,606. Presently, it is encumbered by two mortgages, both of which are dated January 7, 1999. The larger of the mortgages was given to PCFS to secure a note in the amount of $68,000, and was recorded on January 12, 1999. As of the date of bankruptcy filing, the amount due on the PCFS note included a principal balance of $67,225.01, together with unpaid interest of more than $4,000, plus costs. Smith gave the smaller of the mortgages to Robert and Mary Jane Zak, to secure a note in the amount of $16,217. Mr. and Mrs. Zak were the prior owners of the

---

**1.** Such avoidance of a mortgage lien is appropriately a provision of the chapter 13 plan. To allow due notice to mortgagees, however, this court has required debtors to serve on the affected creditor a discrete motion for lien avoidance. The court then considers the motion in anticipation of plan confirmation, and most typically at the time of the confirmation hearing.

property, and apparently accepted the note as partial consideration for the transfer of title. They recorded their mortgage on January 22, 1999. The Zak mortgage contains no provision for subordination to the lien of PCFS, and the debtor has offered no proof of any other subordinating instrument. As of the date of bankruptcy filing, Smith owed approximately $15,000 to the Zaks on their note.

In support of his motion to avoid the Zak mortgage, Scott Smith argues that the mortgage of PCFS was first recorded, and should therefore be deemed to constitute a prior lien upon the premises at 383 Englewood Avenue. Because this mortgage secures an obligation that exceeds the fair market value of the property, Smith contends that his plan can avoid the subsequently recorded mortgage of Robert and Mary Jane Zak, pursuant to the authority of *In re Pond*. The error of this position results from the failure to recognize the priority of a true purchase money mortgage.

■ In New York, the general rule is that "[w]here the purchaser executes two mortgages, one to the vendor and the other to a person who lent part of the purchase price, the vendor's purchase-money mortgage has priority over that of the third person taken from the vendee-mortgagor at the same time." 78 N.Y. Jur. 2D *Mortgages* § 218 (1989). Establishing the rationale for this outcome was the decision of the Court of Appeals in *Dusenbury v. Hulbert*, 59 N.Y. 541, 1875 WL 10587 (1875). At issue in that case was the priority of a mortgage taken by George O. Bowen upon his sale of the premises to secure a portion of the purchase price. The court held that "[t]he deed and Bowen mortgage executed at the same time are to be construed together as one instrument. They constitute an indivisible act." Thus, there could never occur "a moment be-

tween the seisin and mortgage" during which another mortgage could insert itself into the priority scheme. 59 N.Y. at 544. Later, in *Boies v. Benham*, 127 N.Y. 620, 28 N.E. 657 (1891), the Court of Appeals extended this result to instances where a purchaser gives mortgages contemporaneously to both a seller and a third party. As the seller of real property, Boies received a partial payment of cash and accepted a note for the balance of the consideration. At the time of the closing, the purchaser gave two mortgages: one to Boies to secure his note, and another to Benham to secure a loan of the money that became the source of the cash payment to Boies. In an action by Boies to foreclose his mortgage, Benham contended that her mortgage was a concurrent lien that was entitled to equal priority. Rejecting this argument, the trial court granted to Boies a judgment of foreclosure, and on appeal, the Court of Appeals affirmed.

> The plaintiff had an equitable lien for the purchase-money unpaid until the substitution for it of the legal lien of the mortgage taken by him to secure the payment of the balance of the purchase-money.... But by reason of the pre-existing equitable lien of the vendor and grantor, which continues until the substitution for it of the legal lien of the mortgage to secure the unpaid purchase-money, the mortgage so taken by him has priority over that of such third person taken at the same time from the grantee.

127 N.Y. at 624, 28 N.E. 657. Thus, a mortgage given to a seller as collateral for the unpaid purchase price will generally enjoy priority over any other contemporaneous mortgage, even one given to a third party to secure a loan for the balance of the cost of purchase.

■ The priority of a seller under a true purchase money mortgage is not without exception. By written agreement, sell-

ers may voluntarily subordinate their liens. Priority might also be affected by conduct that involves a deliberate or fraudulent concealment of the seller's interest. *See Citibank v. Restrepo,* 226 A.D.2d 575, 641 N.Y.S.2d 120 (2nd Dept.1996). In the present instance, however, the debtor carries the burden to show the inferiority of the mortgage that he seeks to avoid. The movant has presented no evidence of a subordination agreement or of any other basis to disregard the usual rules of priority.

By reason of the authority of *Dusenbury v. Hulbert,* 59 N.Y. 541 (1875) and *Boies v. Benham,* 127 N.Y. 620, 28 N.E. 657 (1891), the mortgage of Robert and Mary Jane Zak is presumed to have priority over the mortgage of PCFS. Because the Zak mortgage is a first lien, the value of the debtor's residence must necessarily exceed the amount of any prior liens. Scott V. Smith fails, therefore, to demonstrate a basis under *In re Pond* to avoid the respondent's mortgage. Accordingly, the present motion must be denied.

So ordered.